## Case No. 14,245.

### Ex parte TURNER.

[3 Wall. Jr., 258; [1] 20 Leg. Int. 4.]

Circuit Court, D. New Jersey. Oct. Term, 1858

REMOVAL OF CAUSES — MANDAMUS FOR REMOVAL.

1. In ejectment, under the now usual American form, in which the fictitious lease, &c., is abolished,—where the tenant in possession, who has been served as defendant, does not fall within the description of persons authorized to remove a case from the state courts to the federal, but the landlord who has not been made a party does so fall, such landlord cannot by any means that, under existing laws, can be devised, remove the case from the state court into the federal. He can get into the suit at all only by appearing voluntarily and taking defence, and when he does this he connects himself inseparably with his incapable tenant, and becomes, himself, incapable. The tenant in possession being, if sued and served, a proper and necessary party, the landlord by appearing and taking defence (which he may do and become dominus litis), cannot yet have this tenant struck off the record, and so, being now alone, exercise the right which if he had been, originally, the only defendant, he might have exercised: nor yet can he sever himself from his tenant, leaving the tenant still on the record and in state jurisdiction, while he, the landlord, comes himself and has the title tried in a federal court.

[Cited in Ex parte Girard, Case No. 5,457.]

2. If tenants in common, some of whom belong to a state in which the suit is brought, while others do not so belong, sue a party who does not so belong, such defendant it seems, cannot remove the case at all. He cannot remove it for the whole land sued for, because each of the parties suing is not a citizen of the state in which the suit is brought; and he cannot remove it for the parts claimed by those of the plaintiffs who are such citizens, because the federal court will not thus divide an action, not yet before it, into parts, for the sake of obtaining jurisdiction over one of them, nor can its process be so framed as to order a state court to send in to the federal court, a fraction only of a cause pending on the lists.

3. Whether a mandamus may issue from the circuit court to the state courts to compel it to send a cause from its jurisdiction into the federal? the point raised but not decided. No objection to such power, however, being taken at the bar.

[Cited in Stones v. Sargent, 129 Mass. 506.]

A number of persons, citizens of Connecticut, New York, Ohio and New Jersey, claiming undivided portions of a tract of land in the last named state, had brought ejectment against Boylan in a state court of New Jersey. The suit was not in the old English and fictitious form, but in the way now allowed in several states, including New Jersey, by which a writ in the name of the real plaintiff is issued against the person in possession, and the land being described with more or less precision, is claimed by the party who pretends to own it. Turner, a citizen of Ohio, who asserted ownership of the land in himself and against the parties claiming it as plaintiffs, applied to the state court of New Jersey, to be admitted to defend as landlord, showing that Boylan held under a lease from him; and alleging that this Boylan refused to defend the suit. He prayed leave, also, to be allowed to defend "separately," and that the cause might be removed under the 12th section of the judiciary act of 1789 [1 Stat. 79] to the circuit court of the United States, "so far as regards the parts claimed by such of the plaintiffs as are citizens of New Jersey." The state court granted him leave to appear and defend, but not "separately;" and refused to certify the case or any portion thereof to this court. On a motion now made by Turner for a mandamus to the state court to

---

[1] [Reported by John William Wallace, Esq.]

remove the action here, the question was whether, under the circumstances stated, it was the duty of that court to order a removal. The question depended on the 12th section of the act above mentioned, which enacts, "that if a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state," it may be removed into the circuit court of the United States.

GRIER, Circuit Justice. The power of this court to issue a mandamus to a state court, where it has refused to certify a case under the 12th section of the judiciary act, has not here, before us, been questioned. But as such process is not specially authorized by that act, and as I am not aware of any authoritative decision of any court of the United States on the subject, I need neither affirm nor deny the power of the court to issue it.

Although the legislature of New Jersey has demolished the scaffolding of fictions formerly used by it in actions of ejectment, and has simplified the process and pleadings, this has not changed any of the principles of law which govern the action. The lessor of the imaginary plaintiff under the old form, is made the formal party plaintiff, and the tenant in possession is now served directly with process claiming the possession of the premises in question, instead of receiving notice from the fictitious casual ejector, and a copy of the declaration. As before, the lessor or reversioner under whom the tenant in possession claims title, is permitted to make himself a party, and assume the defence of their common title. But though he may thus practically become the dominus litis, it is still but as a co-defendant. The tenant in possession is still a necessary party to the action. He is the actual trespasser of whom the plaintiff demands damages and judgment for the possession; the landlord cannot surrender his tenant's rights, nor can the tenant collude with the plaintiff to oust his landlord. Neither can the refusal of the tenant to make a defence affect the case, and justify the court in expunging his name from the record without the consent of the plaintiff. The landlord may enter a plea for him and defend his title, but cannot sever him from the suit. If the plaintiff should recover, he is entitled to have a judgment and writ of possession against the tenant in possession. The tenant is therefore a proper and necessary party in an ejectment; not a naked trustee; not the nominal, casual ejector, but the actual party in possession, who cannot withdraw from the suit without consent both of the plaintiff and his co-defendant. If he be an alien, or a citizen of a different state, he may exercise his right to remove the case, under the judiciary act, to the circuit court of the United States, before his landlord becomes co-defendant. The fact that his lessor or landlord may be a citizen of the same state, cannot affect the tenant's right to remove if such landlord be not made a party co-defendant on the record. The lessor or reversioner has a right to have himself made a co-defendant, but it is not his duty. He may defend the suit for his tenant, with his tenant's consent, without putting his name on the record. He is not a necessary party, nor can the plaintiff make him such without his consent, by including him in his writ, where he is not in actual possession of the land claimed.

This ejectment having been instituted by a number of tenants in common, claiming undivided portions of the land, they might, under the old form, have made their several leases to John Doe, and in his name have recovered possession of the whole, or of such undivided part thereof as they had shown title to. Under the new form, these tenants in common may join, and each recover according to his title. The plaintiffs are citizens of four different states, but Boylan, against whom this suit was "commenced," is a citizen of New Jersey. He sustains neither of the characters required by the act to give this court jurisdiction—he is neither an "alien" nor a citizen of another state sued by a citizen of New Jersey. As we have shown, he is the proper and necessary party defendant in the suit of ejectment. [He is not a mere formal party, not a naked trustee, not the nominal casual ejector, but the trespasser from whom the plaintiffs demand damages; the actual tenant in possession from whom the plaintiffs seek to recover the possession.][2] Turner, the landlord, is permitted by the grace of the court and the law, to become a co-defendant, and defend the title for Boylan and himself. If Boylan (the tenant) will not defend, the plaintiff might be entitled to judgment against him, and a writ of possession. But, as we have said, the court will not permit him, either to get off the record as a party, or thus to trifle with the possession which he is bound to retain for his landlord. Turner may enter the plea of "not guilty" for both, and contest the plaintiff's claim: but not being able to sever himself from his co-defendant, who is in possession, he cannot remove the case to this court, with or without the consent of Boylan. [It is settled that where there is more than one party plaintiff or defendant, each must be competent to sue or to be sued in the court of the United States when the suit is brought. It is clear, therefore, that this case is not within the provisions of the act referred to. And such has heretofore been the decision in this circuit.][2] Beardsley v. Torrey [Case No. 1,190] is in point. And see Ex parte Girard [Id. 5,457].

Objection also exists in the co-tenancy of the plaintiffs, though some are of New Jersey, even if we should assume Turner, who is of Ohio, to be the sole party defendant, and

---

2 [From 20 Leg. Int. 4.]

Boylan but a nominal or formal party, against whom no judgment or decree is sought. Tenants in common may join in one action; and whatever may be the power of the court below to compel them to sever; for sufficient· cause shown, a power about which I speak affirmatively in the next case. Ex parte Girard [supra]. I can find no authority for this court to divide an action not yet before it, into parts, for the sake of obtaining jurisdiction over one of them, nor do I know how it could command the court to send us up a fraction of a cause pending on its lists. Mandamus refused.