CROGHAN (ALLEN v.). See Case No. 220.

## Case No. 3,405.

### In re CROMIE.

[2 Biss. 160;[1] 1 Chi. Leg. News, 361.]

Circuit Court, N. D. Illinois. July Term, 1869.

REMOVAL—MANDAMUS TO STATE COURT.

1. The U. S. circuit court has no power to issue a writ of mandamus to compel the removal of a cause from a state court.

2. The act of July 27th, 1866 (14 Stat. 306), made no change in this respect.

3. The statute seems to contemplate some judicial action on the part of the state court.

This was a motion by Charles and Amelia Cromie, defendants in a suit pending in the circuit court of Lee county, for a writ of mandamus against the state court to compel a removal of the cause into this court.

John J. McKinnon, for plaintiffs.

Ustis & Barge, for defendants.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

DRUMMOND, District Judge. The decision of the motion for a mandamus, on the application of Charles and Amelia Cromie, was postponed for the purpose of enabling me to look into the law of July 27, 1866, to see how far the judiciary act of 1789 [1 Stat. 73] has been modified. I have since examined the law of 1866, and am satisfied that, so far as this motion is concerned, no change has been made by that act in the law of 1789.

I had occasion, as was intimated the other day, in the case of Hough and others against the Western Transportation Company [Case No. 6,724], decided in January, 1864, to examine the question as to the authority of this court, under the act of 1789, to issue a mandamus to a state court, compelling the latter to remove a cause to this court, and came to the conclusion that the authority did not exist, and for that reason declined the writ then; and I shall now, for the reasons contained in the opinion then given, decline to issue a writ in this case.

The material change made in the judiciary act by the act of July 27, 1866, consists in the power of removal from the state to the federal court given by the last act to some of the parties, provided the case can proceed in the federal court without the presence of all the parties to the suit, and whereas, by the old law the application was to be made at the time of entering appearance, the law of 1866 authorizes the removal at any time before the trial or final hearing of the cause. The language of the act of 1866 is substantially the same as that of 1789, namely: "And it shall be thereupon the duty of the state court to accept the surety, and proceed no further in the cause as against the defendant so applying for its removal." I do not find in this law, as is the case in some of the recent statutes concerning removals from state courts of cases affecting the revenue, a provision authorizing the federal court to proceed, irrespective of the action of the state court, with the cause. But the act of 1866, like the act of 1789, seems to imply, in order that the removal shall be complete, some judicial action of the state court. And when the cause is removed in the manner prescribed, it provides that "the cause shall there proceed in the same manner as if it had been brought there by original process against the defendant who shall have filed a petition for its removal as above provided," the language being substantially the same as that contained in the 12th section of the act of 1789: "And, the said copies being entered as aforesaid in such court of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process."

I am not aware that the question has ever been decided as to what would be the effect of a compliance with the provisions of law for the removal of the cause from a state court, and of its refusal to make the neces-

sary orders, if the parties asking the removal should file copies of the papers in the federal court, with a view of giving the latter jurisdiction of the cause. For a discussion of this question, consult Akerly v. Vilas [Case No. 119]. The cases that have been decided under the law of 1789, where there has been a refusal on the part of the state court to remove the cause, have generally been decided by the supreme court of the United States so that the case has proceeded alone in the state court, and not at the same time in the state and in the federal courts. There would seem to be something incongruous in two suits, between the same parties, and referring to the same subject matter, proceeding at the same time in a state and in a federal court, although the statute of July 27, 1866, seems to contemplate that, as to the parties to the suit who have not made the application for removal, there may be instances where the cause may proceed in the state court, and, as to those seeking the removal, in the federal court. Whatever may be the true rule upon the subject, these parties do not at present seem to be in a proper position to avail themselves of the right they ask, because, as I understand, they have not filed in this court copies of all the proceedings in the state court.

Therefore, at present, the motion for the court to take jurisdiction of the cause, the court overruling the motion for mandamus, will, for the reasons just given, have also to be overruled.

Consult, however, Spraggins v. County Court of Humphries, Cooke, 160; Ladd v. Tudor, [Case No. 7,975]; In re Turner [Id. 14,245].