90 U.S. 416
 23 L.Ed. 81
 23 Wall. 416
 FASHNACHT
v.
FRANK.
 October Term, 1874
 
 ON motion to dismiss, for want of jurisdiction, a writ of error to the Supreme Court of Louisiana.
 The case was thus:
 Frank, a citizen of New Orleans, having a mortgage on property in New Orleans of Fashnacht, a citizen of the Republic of Switzerland, obtained an order in the Fifth District Court for the Parish of New Orleans, for the seizure and sale of it.
 Fashnacht thereupon procured from the same court an injunction on the sheriff and on Frank restraining the execution of the order, alleging in his petition for the injunction and as a ground for it, that at the time when the mortgage was executed and as an inducement to the execution, Frank, the mortgagee, had granted to him time for paying the bond, which the mortgage was given to secure; although that fact did not appear as a matter of mention in the contract.
 The case came up January 16th, 1874, on the question of a permanent injunction. Testimony was taken, witnesses examined, letters read, &c., and the court on that day dissolved the injunction, with damages.
 On the 20th of the same month a motion for a new trial was made and refused.
 Fashnacht, the defendant, thereupon, on the 23d of January that is to say, three days after the refusal to allow him a trial—filed a petition to remove his case into the Circuit Court of the United States, under the act of July 27th, 1866, 'for the removal of causes in certain cases from State courts;' an act which enacts that 'in any suit in any State court against an alien, if the suit so far as relates to the alien defendant, is one in which there can be a final determination of the controversy so far as respects him without the presence of the other defendants as parties in the cause, then the alien defendant may at any time before the trial or final hearing of the case, file a petition for the removal of the cause, as respects him, into the next Circuit Court of the United States,' &c.
 The petition of Fashnacht for the removal stated that the suit could be thus determined.
 The court refused to allow the transfer. It said:
 'The order is refused, for the reason that the case was tried and determined by this court after an appearance and pleading of the defendant therein. The order should have been asked for in limine, and the case having been finally determined, as far as this court had jurisdiction, the parties must abide its decision, unless they see proper to appeal therefrom.'
 Thereupon, on the 31st of January, Fashnacht appealed to the Supreme Court of Louisiana from the decree of the Fifth District Court of the Parish of New Orleans, dissolving the injunction, but from nothing else.
 The Supreme Court affirmed the decree of the court below.
 From this judgment of affirmance the present writ of error was taken by Fashnacht, under the assumption that the case came within section 709 of the Revised Statutes, which gives such writ to bring here for re-examination, a final judgment or decree in the highest court of a State in which a decision in the suit could be had, in cases where any title, right, privilege, or immunity is claimed under any statute of the United States, and the decision is against the title, right, privilege, or immunity specially set up or claimed under such statute.*
 
 Mr. Conway Robinson, in support of the jurisdiction:
 
 The suit of Frank having been commenced against an alien, the alien defendant, before the trial or final hearing of the ause, filed a petition for the removal of the cause into the next Circuit Court of the United States, herein setting up and claiming a right, privilege, and immunity under a statute of the United States. It was, thereupon, the duty of the State court to proceed no further in the cause. But the court refused to grant a removal, and herein made a decision against the right, privilege, and immunity thus set up and claimed, under a statute of the United States, and this decision has been affirmed by a final judgment in the suit in the highest court of the State in which a decision in the suit could be had.
 It is no answer to say that the petition to remove was too late, and that the decree of the Fifth Parish Court was right. If the decree of that court was against a right, privilege, and immunity set up by us, and if that decree has been affirmed in the Supreme Court of Louisiana—the highest court of the State—this court has jurisdiction to review the case; and this motion cannot prevail, whatever may be the ultimate decision of this court, when the matter of merits comes to be considered.
 Mr. T. J. Durant, contra.
 The CHIEF JUSTICE delivered the opinion of the court.
 
 
 1
 Previous to the time when the motion for a new trial was made and overruled, no question had been presented in the cause that could under any circumstances give this court jurisdiction upon a writ of error. On the 23d of January a petition was filed by the defendant for the removal of the cause to the Circuit Court of the United States. This petition was at once very properly overruled, for the reason that a final judgment had already been rendered. No exception was taken to this ruling. So far as appears the defendant was satisfied, as he should have been, that he could not have relief in that form against the judgment which had been rendered. On the 31st of January an appeal from the judgment was taken to the Supreme Court of the State. This was clearly the appropriate remedy for the correction of the errors of the District Court, if there were any. The action of the District Court in refusing the removal does not appear to have been presented to the Supreme Court upon this appeal. It could not properly have been presented, because the appeal was from the judgment alone, and this action was subsequent to the judgment and independent of it. We act only upon the judgment of the Supreme Court. Only such questions as either have been or ought to have been passed upon by that court in the regular course of its proceedings can be considered by us upon error.
 
 
 2
 WRIT OF ERROR DISMISSED.
 
 
 
 *
 See Appendix.