## Case No. 10,604.

OSGOOD v. CHICAGO, D. & V. R. CO. et al.

[6 Biss. 330;[1] 7 Chi. Leg. News, 241; 2 Cent. Law J. 275, 283; 14 Am. Law Reg. (N. S.) 506; 2 Am. Law T. Rep. (N. S.) 242; 21 Int. Rev. Rec. 149.]

Circuit Court, N. D. Illinois. April, 1875.

REMOVAL FROM STATE COURT — CO-DEFENDANTS — JUDGMENT CREDITORS — CROSS-BILL — SEIZURE OF RES BY A STATE COURT — COLLATERAL ISSUES — VACATION — IRREGULARITIES IN THE REMOVAL — RECORD — CERTIFICATE — VERIFICATION.

1. Act of congress of March 3, 1875 (18 Stat. 470), construed.

[Criticised in First Nat. Bank of Manhattan v. King Wrought-Iron Bridge Co., Case No. 4,803. Cited in Chicago v. Gage, Id. 2,664; Seckel v. Backhaus, Id. 12,599.]
[Cited in Stone v. Sargent, 129 Mass. 506.]

2. This act consolidates and repeals all previous general acts of congress on the subject.

[Cited in Burdick v. Hale, Case No. 2,147; Seckel v. Backhaus, Id. 12,599.]
[Doubted in Sharp v. Gutcher, 74 Ind. 359.]

3. Since its passage a defendant, though a citizen of the state where the suit is brought, may remove the case from the state to the federal court.

4. Petitioners may have a removal though their co-defendants do not join in the petition, if the controversy is wholly between them and the plaintiff, and can be fully determined as between them; and such a case arises where a bill is filed by a bondholder of a railroad company, and the company, its officers and the trustees under its mortgages petition for removal.

[Cited in Petterson v. Chapman, Case No. 11,042; Donohoe v. Mariposa L. & M. Co., Id. 3,989; McLean v. St. Paul & C. Ry. Co., Id. 8,892; Taylor v. Rockefeller, Id. 13,802; Ruckman v. Ruckman, 1 Fed. 590; Merchants' Nat. Bank v. Thompson, 4 Fed. 878; Bybee v. Hawkett, 5 Fed. 10; Re Iowa & M. Const. Co., 10 Fed. 405.]

5. The existence of judgment creditors and the fact that one of them has filed a cross-bill, does not affect the right of removal.

6. Seizure of res by a state court does not affect the case, for that is necessarily transferred with the case.

7. Collateral issues connected with the res in the state court do not destroy the right of removal, provided the parties are within the statute.

8. The petition and bond may be filed in the state court during vacation, and may be suffi-

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

cient, though there was no action upon the petition or bond.

[Criticised in First Nat. Bank of Manhattan v. King Wrought-Iron Bridge Co.. Case No. 4,803. Cited in Re Iowa & M. Const. Co., 10 Fed. 405. Approved in Noble v. Massachusetts Ben. Ass'n, 48 Fed. 339.]

9. Irregularities in the removal do not vitiate it, nor authorize the federal court to remand or dismiss it; if it has jurisdiction, it should retain it.

[Quoted in Mayo v. Taylor. Case No. 9,357. Cited in Ruckman v. Ruckman, 1 Fed. 591; Woolridge v. McKenna, 8 Fed. 668; Northern Pac. Terminal Co. v. Lowenberg. 18 Fed. 343; Central Trust Co. v. South Atlantic & O. R. Co., 57 Fed. 10.]

10. It is not essential that the record be certified by the judge of the state court; the attestation of the clerk under the seal of the court is sufficient.

[Quoted in Mayo v. Taylor, Case No. 9,357.]

11. It is not necessary that the petition for removal be verified by affidavit.

[Criticised in First Nat. Bank of Manhattan v. King Wrought-Iron Bridge Co., Case No. 4,803.]

12. When the petition and bond are filed in the state court during vacation the jurisdiction of that court ceases; it does not remain until the court can act upon them in term time; and it is not for the state court to decide whether a proper case is made.

[Criticised in First Nat. Bank of Manhattan v. King Wrought-Iron Bridge Co., Case No. 4,803. Cited in Warren v. Wisconsin Val. R. Co., Id. 17,204; Dennis v. Alachua County, Id. 3,791; Miller v. Tobin, 18 Fed. 613; Owens v. Ohio Cent. R. Co., 20 Fed. 15.]

[Cited in Erie Ry. Co. v. Stringer, 32 Ohio St. 485.]

[See Shaft v. Phœnix Mut. Life Ins. Co., 67 N. Y. 544.]

[This was a bill in equity by Stephen Osgood against the Chicago, Danville & Vincennes Railroad Company and others.]

On the 22d of February, 1875, the plaintiff, a citizen of Massachusetts, as a bondholder of the railroad company, filed a bill in the Will county circuit court, to foreclose a mortgage, making as defendants, the company, its president, treasurer, and directors, and also the trustees of mortgages amounting to several millions of dollars, given by the railroad company. The bill charges various breaches of trust on the part of the officers of the company, and asks for an injunction to prevent them from negotiating certain bonds of the company, and for a receiver. The court, without notice to the defendants, issued the injunction and appointed receivers at the time the bill was filed. On the 23d of February, a petition was filed in the state court by some of the non-resident defendants to remove the suit into this court, which was refused by that court. On the 24th of February, the bill was amended by making various judgment creditors defendants. On the same day, one of the judgment creditors answered and filed a cross-bill praying the court to enforce the lien against the company, and that the receiver should pay the same. On the 26th of February, on petition, other creditors of the company were made defendants, who asked leave to file cross-bills. These claims of the judgment and other creditors were all subsequent in point of time and right to those of the bondholders under the mortgages. On the first of March certain persons petitioned to be made co-plaintiffs.

There was no action of the court on the petition last referred to, and the only crossbill filed was that of the 24th of February, already mentioned. A demurrer had been filed to the bill, argued and taken under advisement by the court. There had also been some incidental motions made in the case, which need not be particularly referred to. The court had adjourned for the term. This was accordingly the position of the case when, on the 22d day of March, petitions were filed in that suit with the clerk of the court by the railroad company, a corporation of this state, Judson, the president, and Tenney, the treasurer, and by the trustees, Roberts, Fosdick and Fisk, asking for the removal of the cause from the state court to this court, under the act of congress of the 3d of March, 1875. The petition alleged that the amount in controversy was of the value of more than $500, that the plaintiff was a citizen of Massachusetts, that the parties who had petitioned to be made co-plaintiffs were citizens of Pennsylvania, and that Judson, Tenney, and Fisk were citizens of New York, Fosdick, a citizen of Connecticut, and Roberts, a citizen of Illinois. Bonds were filed, conditioned as required by the act of congress. A transcript of the record of the suit in the state court was filed in this court March 24. A motion is made by plaintiff to dismiss the suit, on the ground that this court has no jurisdiction of the case.

Henry Crawford and Joseph E. McDonald, for plaintiff.

Edwin Walker and Geo. C. Campbell, for defendants.

Before DRUMMOND, Circuit Judge, and BLODGETT, District Judge.

DRUMMOND, Circuit Judge. It seems to have been the intention, in the recent act, to consolidate into one act all the previous general acts of congress conferring jurisdiction upon the circuit court, and at the same time to give the court jurisdiction in some cases where no previous act of congress had conferred it. The court has now jurisdiction in suits between the citizens of different states, without regard to the fact whether or not one of the parties is a citizen of the state where the suit is brought. The act also authorizes a case to be removed from the state to the federal court under such circumstances. The judiciary act of 1789, as construed by the supreme court, required that each of the parties plaintiff should have the right to sue each of the parties defendant, in a suit between citizens of different states, and equally so in the case of removal

from the state to the federal court under the authority conferred by the 12th section of that act. 1 Stat. 79. The act of 1866 declared that when a suit was brought in a state court by a citizen of that state against a citizen of another state, and a citizen or citizens of the same state as the plaintiff, that if the controversy might finally be determined between the plaintiff and the citizen of the other state without the presence of the co-defendants, it might be removed to the federal court. 14 Stat. 306. The recent act of congress declares that in any suit mentioned in the law when there shall be a controversy which is wholly between citizens of different states, and which can fully be determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove the suit into the federal court. This is the first time that congress has authorized a defendant, a citizen of the state where the suit is brought, to remove the case from the state to the federal court. As this is a case where there are several defendants, some of whom have not joined in the petition for removal, the question is whether there is a controversy wholly between the plaintiff and those who have petitioned for a removal and which can be fully determined as between them. The controversy in this case, as between these parties, is whether the bonds referred to in the bill are valid debts against the company, and the mortgages can be foreclosed and the claim enforced against the company; and whether the officers of the company have been guilty of any of the breaches of trust alleged against them. The officers named as defendants, and the railroad company, would seem to be parties whose rights, as between them and the plaintiff, can be fully determined as being a controversy wholly between them. The other parties who have joined in the petition for removal are mere trustees. It is a controversy wholly between citizens of different states.

The fact that there are various judgment creditors whose rights are subject to the prior liens of the bondholders, cannot affect the power of removal, their rights remaining unchanged. Neither can the fact that a judgment creditor has filed a cross-bill, for then it would always be in the power of a creditor to prevent the operation of the statute.

The difficulty arising from the possession of the property by the state court is more apparent than real. If the res has been seized as an incident of the controversy between the citizens of different states, then the removal of the cause into the federal court transfers the res with it as a necessary part of the proceedings, and the fact that collateral issues as connected with the res have sprung up in the state court, cannot destroy the right of removal, provided the parties seeking it bring themselves within the terms of the statute. The language

of the third section is that the petition for the removal must be filed in the state court before or at the term at which the cause can first be tried. It may prove in some cases, particularly those in equity, difficult to determine the term when the cause can first be tried. It is not claimed in this case that the petition was not filed in due time, but it is objected that it was filed in vacation, and not during any term of the court, and that there was no action of the court upon the petition or on the bond. I do not think the objection can be sustained on either ground. The law requires the petition to be filed in the suit, and it may be before the term, and, in fact, it is often desirable immediately after a suit is commenced in the state court to remove it into the federal court before there is any action of the state court in the case. It is true that under the statute the bond must be good and sufficient security, but it does not declare that it shall be approved by the judge. It requires the state court to accept the petition and bond and proceed no further in the case. Now suppose the state court should refuse to accept the petition or the bond, or should decide that a bond valid under the law and with good and sufficient security, was not so, would that deprive the party of the right of removal? Clearly not. This statute seems to have been passed with a full knowledge of the difficulties growing out of the action or non-action of the state courts under previous laws, and with a determination to make the power of removal independent of the action of the state court. It is not stated in every case under this statute, as in those of 1789 and of 1866, that certain facts are to appear to the satisfaction of the court. And this is the more apparent from the authority conferred on the circuit court, by the 7th section, to issue writs of certiorari to the state courts with power to enforce them, and from what is stated in the same section as to the time of removal if the circuit court of the United States shall hold its next term within twenty days after the petition and bond are filed in the state court. The 5th section was intended to protect a party in case of the improper removal of a suit from the state to the federal court, but the language of that section is peculiarly significant as affecting the motion now before the court. The copy of the record has been filed in this court, and the law seems to indicate under what circumstances only, in such an event, the case should be remanded back to the state court. It is when it shall appear to the satisfaction of the federal court that the suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, or that the parties have been improperly or collusively made, or joined, for the purpose of creating a case cognizable under the act. It is true that the act prescribes the manner

in which the removal shall be made, and the directions of the law should be complied with. But the 5th section does not authorize the court to remand or dismiss the cause for the reason that it may appear that there was any irregularity in the means taken to procure the removal. The purpose obviously was, if the record was filed in the federal court under the law, and the court could see that it had jurisdiction of the case, that it should retain it, notwithstanding there might be defects in the manner of removal.

It is also objected that the record from the state court, while certified by the clerk under the seal of the court, has not also the certificate of the judge. This last has never been considered necessary where the record comes from a court of this state. The attestation of the clerk under the seal of the court is sufficient in any court of this state, and is so in this court. A further objection is that the petition for removal is not verified by affidavit. That is not required by the act of 1789 or the act of 1866, nor is it by the act of 1875, though it was by the act of 1867. Cases of Sewing Mach. Cos., 18 Wall. [85 U. S.] 553. So that on the whole I think it is the duty of the court to allow the case to stand as between the plaintiff and the parties defendant who have petitioned for its removal into this court, and to overrule the motion to dismiss; and it will be so ordered.

After the foregoing opinion was prepared, on application of plaintiff's counsel, a re-argument was allowed before DRUMMOND, Circuit Judge, and BLODGETT, District Judge.

DRUMMOND, Circuit Judge. It has been insisted on the re-argument that this court cannot take jurisdiction of the case, on two grounds:

1. The case itself is of such a character that it is not removable under the statute.

2. The case cannot be removed independent of the action of the state court.

The first clause of the second section of the act of 1875 (18 Stat. 470), states when a case can be removed to the federal court. It must be a suit of a civil nature at law or in equity, pending at the date of the act, or brought thereafter in the state court. The matter in dispute must exceed $500. It must be a suit arising under the constitution or laws of the United States, * * * or in which there shall be a controversy between citizens of different states. * * * This clause refers to a removal by either party, that is, by the whole of what constitutes the one side or the other.

The second clause of that section states when a case can be removed by either parties less than the whole. There must be in a suit in the state court a controversy wholly between citizens of different states, and such

that it can be fully determined as between them; if so, then any one or more of the plaintiffs or defendants actually interested in the controversy may remove "said suit," into the circuit court of the United States.

There was here a civil suit in equity pending in the state court at the date of the act, where the matter in dispute exceeded, exclusive of costs, the sum or value of $500.

Was there in this suit a controversy wholly between citizens of different states? The plaintiff was a citizen of Massachusetts, the railroad company a citizen of Illinois. The railroad company had executed to trustees certain mortgages on its property to secure an indebtedness due from the company, of which the plaintiff held a part. He was not a trustee of either of the mortgages. The trustees and the company, and some of its officers, made defendants and all of them citizens of different states from that of the plaintiff, petitioned for the removal of the cause.

Now, the controversy between these parties was wholly as to the debt and validity of the mortgages and the enforcement of the same.

The trustees represented the other creditors as well as the plaintiff. It was then in effect a controversy wholly between the trustees as the representatives of the creditors, and the railroad company. There can be no doubt that, so far as it relates to citizenship, it was entirely competent for the plaintiff to bring his suit in this court instead of the state court. And having done the latter, that it was equally competent for the defendants, as the case then stood, to remove it to the federal court. Was this right lost by the subsequent facts which appear in the case?

After the bill was filed receivers were appointed, and certain judgment and other creditors were made defendants, one of whom filed a cross-bill.

The mere possession of the property clearly could not affect the result, as appears from the fourth section of the recent act. That was connected wholly with the controversy of the original parties, and did not prevent it from being exclusively between them. It does not appear that any of the creditors were citizens of the same state as the plaintiff, but, conceding that there was a controversy in the suit whether the judgments were valid liens on the property, and whether the debts of the other creditors were binding on the company, and that some of the creditors were citizens of the same state as the company, was the right of removal gone?

It is said that the language of the second section of the act of 1875, is different from the act of 1866, the former declaring that either one or more of the parties "may remove said suit" into the federal court. It is insisted that that means the whole suit, and not the part which involves merely a controversy between citizens of different states, and therefore, if there should be incidentally a

controversy in the suit between citizens of the same state the effect would be to remove this last as well as the other, and therefore, the federal court would take jurisdiction of a controversy between citizens of the same state, which would be unconstitutional.

If we were to admit the premises we hardly think the conclusion would follow. If the whole suit is removed because of the principal controversy between citizens of different states, and in order to fully determine that as between them, other controversies between citizens of the same state arise in the suit, there is no objection to the federal court taking jurisdiction of the latter. It is matter of common practice to do this in the settlement of legal and equitable rights. Having control and jurisdiction of the principal, the incidents go with it. In every case where this court forecloses a railroad mortgage, this doctrine is enforced; so that the true rule, even on the hypothesis stated, would seem to be to ascertain whether this court had jurisdiction of what may be regarded as the main controversy, and whether the others, between citizens of the same state, are mere incidents of such controversy. In this case the claims of the defendant-creditors, it is presumed, depend on the effect and validity of the mortgages, which, if sustained, give the bondholders the paramount claim. The former may therefore be said to represent mortgage debts. If this is so, there is no good reason why the whole suit may not be removed to this court. Whether the act intends to authorize the removal of the whole suit in every case where there is a controversy between citizens of different states, and which can be fully determined as between them, without regard to other controversies in the same suit and the citizenship of the parties in the suit, and whether, if so, the act is in that respect constitutional, need not be here decided. Neither is it necessary to decide whether the act, in any case where there may be in the suit controversies between citizens of the same state, permits them to remain to be determined by the state court.

Upon the second ground we commence with two admissions made by the plaintiff's counsel. They concede:

1. Under the 3d section of the act of 1875 (18 Stat. 471), the petition for removal and the bond required, can be filed in vacation in the suit pending in the state court.

2. If the statute is complied with, the state court has no discretion, and its refusal to accept the petition and bond, and the omission to note the refusal on the record, would not deprive the party entitled thereto of the right of removal.

These admissions necessarily grow out of the words of the statute. If the facts as named therein exist, then the party entitled to remove the suit may file a petition in such suit in the state court before the term at which the cause could be first tried, and file therewith a bond with good and sufficient security. The bond and petition may therefore both be filed out of term time; they are to be filed in the suit pending in the state court, that is, with the clerk in the ordinary way in which papers are marked and filed in a suit. Now, if the proper petition and bond are filed with the clerk in the suit pending in the state court by the party entitled to do so, in vacation, what is the status of the case from the time of filing the same until the meeting of the state court?

According to the view of plaintiff's counsel, the court having had no opportunity in open court to accept or refuse the bond and petition, there is jurisdiction still in the state court, and the judge of that court can make any order in the case permitted to a judge under such circumstances; that is, he can, if necessary, grant an injunction, and (in this state) appoint a receiver of property. There ought to be authority somewhere to protect the rights of parties in the contingency named. Having filed the petition and bond with the clerk in the given case, the applicant has done all that the statute requires. He need not call upon the court to act at all. No order is to be made in court, at least the statute names none, unless the mandate that the court "shall accept the petition and bond" implies one.

The language is somewhat different in the other statutes: "shall accept the surety." When is it that the court shall "proceed no further in such suit"? It is well to notice the different language in another part of the section. When the suit relates to the title of land, and is between citizens of the same state, then the value must be made to appear, and certain statements (and affidavit if required by the court) must be made, all showing that the court is called on to act. But it is said that, in this case, the court must judge whether the bond was good and sufficient security, and must accept that and the petition.

It may be proper to consider the former legislation on this point. The act of 1789 required, in order to effect a removal from the state to the federal court, that the defendant should, at the time of entering his appearance in the state court, file the petition for removal. 1 Stat. 79.

The act of 1866 declared that the petition might be filed "at any time before the trial or final hearing of the cause;" but nothing is said as to the manner of filing other than by the use of such general words. 14 Stat. 306. The act of 1867 required an affidavit and petition to be filed in the state court at any time before the final hearing or trial of the suit. Id. 558.

These acts were, it is presumed, all repealed by the Revised Statutes of the United States, which, however, incorporated their substantial provisions in section 639.

The law in force upon the subject of removal, at the date of the act of 1875, was as follows: "In order to such removal, the pe-

titioner in the cases aforesaid must, at the time of filing his petition therefor, offer in said state court good and sufficient security," etc. Rev. Stat. 1874. p. 113, § 639.

The act of 1875 for the first time expressly authorized the petition and bond to be filed out of term time. There must have been some object in this change. We think it was to prevent the state court from proceeding further in the case after the proper papers were filed in the suit with the clerk.

There was nothing more to be done in order to perfect the right. A condition of the bond is that the petitioner shall enter in the circuit court of the United States at its next term a copy of the record of the suit, and pay the costs if the suit be wrongfully removed, and is for the benefit of the opposite party.

The seventh section of the statute has an important bearing on the question. It often happens that the terms of the state court are only once or twice a year. If after the filing of the petition and bond in the suit in the state court not in term, the circuit court of the United States should sit before the state court—for example, the former in one month and the latter in two months from the time of filing the petition and bond—if there must be an opportunity for the state court to act on them before the right of removal is perfected, how is it possible for the petitioner to comply with the condition of the bond?

The only answer that can be given is that, in spite of the words of the third section that the bond and petition may be filed before the term, there is in fact and law no filing of the petition and bond until the court is in session, in effect thereby striking those words out of the statute, and thus the state judge has power over the case from the commencement till the petition and bond are presented to him while holding court, which we think congress intended he should not have when they were duly filed in vacation.

Under previous laws, in some instances the clerks of the state court would not give copies of the record when a petition for removal was filed. The recent act imposes a severe penalty in case of their refusal to furnish a copy of the record, after tender of the legal fees, to any one applying for removal, not when the removal is ordered or refused by the court. It is said there must be a power in the state court to determine whether the petition and bond are sufficient, and whether the case is removable under the statute. It is true that the party seeking the removal of the cause must be entitled to the same, but we think the statute did not intend to permit the state court to judge in such a case as this whether a proper case was made. That was one of the difficulties under former statutes. If the state court chose to proceed, the only remedy was supposed to be through the highest court of the state, to the supreme court of the United States. See Hough v. Transportation Co. [Case No.

6,724]; Akerly v. Vilas [Id. 119]; In re Cromie [Id. 3,405]; and authorities cited in those cases and notes. This statute gives the circuit court of the United States power to issue the writ of certiorari to the state court in any cause removable under the act, and therefore to the federal court the right to determine whether the cause is properly removable.

It is claimed by the plaintiff's counsel that that is given when the state court refuses to act. But the state court may omit to place on the record the refusal or non-action, and whether it does or not, there can be no object in issuing a writ of certiorari, the sole effect of which is to bring the record into the federal court, if it is already there duly certified by the clerk under the seal of the state court. This statute has not given power to the circuit court of the United States to compel the state court to act by writ of mandamus or otherwise. The sole object of the writ of certiorari, as the statute itself says, is to make a return of the record.

The fifth section contains provisions which are new. It is true that in practice under previous laws, when a case came into the federal court by removal from the state court, motions could be made to dismiss and remand the case, but their decision depended on general principles. Now the fifth section controls the action of the federal court, both as to the dismissal and remanding of cases. It did not intend that the suit should be dismissed or remanded on account of irregularities, provided it satisfactorily appeared that the court had jurisdiction of the cause. Here the only thing to which objection is now made is as to the character of the suit and the want of opportunity of the state court, as a court, to act or refuse to act. There is no complaint made against the sufficiency of the bond.

It is said we treat the state courts with disrespect in not allowing them to pass upon the case under the statute. We would treat them more disrespectfully if we disregarded and overruled their action, as it is admitted we would have the right to do in a proper case.

What might be the effect of the record of the state court being filed in the federal court before the term next after the filing of the bond and petition in the suit in the state court, upon the general status of the case, it is not necessary to consider. There possibly might be a question whether the case would be in every respect before the federal court prior to its next term.

It may be admitted that there are difficulties in any view we may take of this part of the case, but we are at a loss to understand how the fact that the state court has not had the opportunity to pass upon the application, can alone confer the right of removal, when it is admitted that the action or non-action of the state court may be immaterial.

If the petitioner has brought himself and is within the terms of the law, and the right of removal is complete, then when there is added to that a copy of the record duly filed in the federal court (and special bail given when requisite), the act of removal has taken place.

NOTE. The above decision commented on by Judge Baker, of the Alexander county circuit court, who held that the act of congress contemplated some action by the state court, and that if the state court was satisfied that the party was not entitled to removal of the cause, the cause might be placed upon the docket, and proceed to trial. Mayo v. Taylor [Case No. 9,357]. See, also, as to possession of res. Gaylord v. Ft. Wayne, M. & C. R. Co. [Id. 5,284], and Union Trust Co. v. Rockford, R. I. & St. L. R. Co. [Id. 14,401].