ISAAC STONE *vs.* GEORGE H. SARGENT.

Hampshire.   Sept. 22. — Oct. 7, 1880.   COLT & MORTON, JJ., absent.

This court has jurisdiction of a bill of exceptions allowed by a judge of the Superior Court to his order granting a petition for the removal of a cause into the Circuit Court of the United States, although the case has been entered in that court.

The right of a citizen of another State to remove into the Circuit Court of the United States a suit between himself and a citizen of the State in which the suit is brought, at any time before the trial, upon making affidavit of his belief and reason to believe that from prejudice or local influence he will not be able to obtain justice in the State court, given by former acts of Congress, is not taken away by the act of March 3, 1875.

A hearing before an auditor is not a " trial," within the meaning of the U. S. Rev. Sts. § 639, *cl.* 3, giving the right to remove a cause before trial from a State court into the Circuit Court of the United States; and consent to the appointment of an auditor is no waiver of such right of removal.

A question not raised in the court below is not open upon a bill of exceptions.

CONTRACT to recover $25,000 under a special agreement. Writ dated August 17, 1877, and returnable at October term 1877 of the Superior Court. At June term 1878, the defendant having filed his answer, the case was referred by agreement of parties and rule of court to an auditor. A hearing was had before the auditor, and his report was made and returned to the court, and was among the papers in the case, but no note of its having been filed appeared in the report or on the docket. At June term 1879 the case was upon the trial list.

At October term 1879, and before any trial by the court or the jury, the defendant filed a petition for the removal of the case into the Circuit Court of the United States, alleging that he was a citizen of New York and the plaintiff a citizen of this Commonwealth, and that the amount in dispute, exclusive of costs, exceeded the sum and value of $500; and supported by his affidavit that he had reason to believe and did believe that from prejudice and undue influence he should not be able to obtain justice in the Superior Court. To that petition the plaintiff filed an answer, admitting the citizenship of the parties and the amount in dispute, but alleging that any right which the defendant might have had to remove the case into the Circuit Court had been waived: 1st. By omitting to file his petition before or at the term at which the case might have been tried; 2d. By consenting that the case should be referred to the auditor, and by the proceedings before him.

At the same term of the Superior Court, before *Brigham*, C. J., the plaintiff offered evidence that the auditor read his report to the attorneys of the parties on the Saturday before June term 1879, and that it was then expressly understood and agreed that neither party should object that the auditor's report was not on file before the first day of that term. But the judge excluded the evidence as immaterial on the question of removal, and ordered the case to be removed as prayed for. To this ruling and order exceptions were alleged by the plaintiff, and allowed by the judge.

The defendant now moved this court to dismiss the bill of exceptions for want of jurisdiction, because, as appeared by copies which he produced, attested by the clerk of the Circuit Court, the case had been entered in that court, and the plaintiff had there appeared and filed a motion to remand the case to the State court for the same reasons stated in his answer to the petition for removal.

*C. Delano*, for the defendant, in support of the motion, cited Dillon on Removal of Causes (2d. ed.) 67, 79 and notes; *Insurance Co.* v. *Dunn*, 19 Wall. 214, 225; *Matthews* v. *Lyall*, 6 McLean, 13; *Taylor* v. *Rockefeller*, 6 W. N. C. (Penn.) 283; *Dennistoun* v. *Draper*, 5 Blatchf. C. C. 336, 338; *Hatch* v. *Chicago, Rock Island & Pacific Railroad*, 6 Blatchf. C. C. 105; *Fisk*

v. *Union Pacific Railroad,* 6 Blatchf. C. C. 362, and 8 Blatchf. C. C. 243, 249; *Wormser* v. *Dahlman,* 16 Blatchf. C. C. 319; *Fulton* v. *Golden,* 8 Reporter, 517; *Penrose* v. *Penrose,* 9 Reporter, 586, 809; *Arthur* v. *New England Ins. Co.* 7 Reporter, 329; *Kelly* v. *Virginia Ins. Co.* 3 Hughes, 449; *Cobb* v. *Globe Ins. Co.* 3 Hughes, 452; *Dennis* v. *Alachua County,* 3 Woods, 683; *Osgood* v. *Chicago, Danville & Vincennes Railroad,* 6 Biss. 330; *Empire Transportation Co.* v. *Richards,* 88 Ill. 404; *Beery* v. *Chicago, Rock Island & Pacific Railroad,* 64 Misso. 533; *Stewart* v. *Mordecai,* 40 Ga. 1; *Tarver* v. *Ficklin,* 60 Ga. 373.

THE COURT, without calling on *D. W. Bond,* for the plaintiff, in opposition to the motion, directed the exceptions to be argued; and they were argued by the same counsel; *Delano* being heard only upon the question whether the act of Congress of March 2, 1867, reënacted in the U. S. Rev. Sts. § 639, *cl.* 3, had been repealed, so far as applicable to this case, by the act of Congress of March 3, 1875.

GRAY, C. J. Among the provisions of former acts of Congress, concerning the removal of causes from the State courts to the Federal courts, which are substantially reënacted in the Revised Statutes of the United States, are those of the act of March 2, 1867, by which any suit commenced in any court of a State between a citizen of that State and a citizen of another State, in which the amount in dispute, exclusive of costs, exceeds the sum or value of five hundred dollars, may be removed for trial into the Circuit Court of the United States next to be holden for the district in which the suit is pending, upon the petition of the citizen of the other State, whether he be plaintiff or defendant, filed "at any time before the trial or final hearing of the suit," and supported by his affidavit that he has reason to believe and does believe that from prejudice or local influence he will not be able to obtain justice in the State court, and upon his offering good and sufficient surety for his entering in the Circuit Court, on the first day of its session, copies of the process against him, and of all pleadings and proceedings in the cause, and for his appearance there. The act provides that "it shall thereupon be the duty of the State court to accept the surety, and to proceed no further in the cause against the petitioner;" and that, "when the said copies are entered as aforesaid in the Circuit Court, the

cause shall there proceed in the same manner as if it had been brought there by original process," and the copies of pleadings shall have the same force and effect as the originals.   U. S. Rev. Sts. § 639, cl. 3.

As appears by the authorities cited by the learned counsel for the defendant, if the case is within the act of Congress, and the proper petition, affidavit and surety are filed in the State court, the Circuit Court of the United States takes jurisdiction of the cause, although the State court omits, or even refuses, to make any order for its removal.   In other words, the jurisdiction of the Federal court over a case in which the conditions of the act of Congress have been complied with cannot be defeated by any action or omission of the State court.

On the other hand, it is the duty of the State court, before relinquishing jurisdiction of a cause once lawfully brought before it, and discharging that cause from its own docket, to be satisfied that there has been a compliance with those conditions.   If the highest court of the State errs in holding that the petitioner is not entitled to remove the cause, its judgment may be revised and reversed on writ of error by the Supreme Court of the United States, and all proceedings had in the courts of the State after due application for a removal may be ordered by that court to be set aside.   But no act of Congress, and no adjudication of the Supreme Court of the United States, has made the opinion of the State court, upon the question whether its own jurisdiction must be surrendered, subordinate to the opinion of any Federal tribunal below the Supreme Court.

It is, to say the least, a matter of grave doubt whether the Circuit Court of the United States, in such a case as this, could issue a writ of mandamus or of certiorari to the State court; and if it could, it would only be when no copy of the record had been filed in the Circuit Court, and to obtain such a copy for the purpose of guiding its own proceedings, and not to restrain or control the judicial action of the State court.   *Ex parte Turner*, 3 Wall. Jr. 258.   *Murray* v. *Patrie*, 5 Blatchf. C. C. 343; *S. C.* cited 6 Blatchf. C. C. 382–386 ; *S. C. nom. Justices* v. *Murray*, 9 Wall. 274, 276 note.   *Hough* v. *Western Transportation Co.* 1 Biss. 425.   *In re Cromie*, 2 Biss. 160.   *Osgood* v.

*Chicago, Danville & Vincennes Railroad,* 6 Biss. 330. *Scott* v. *Clinton & Springfield Railroad,* 6 Biss. 529. *United States* v. *McKee,* 4 Dill. 1.

In Dillon on Removal of Causes (2d ed.) 77–79, it is said that the Circuit Court of the United States has the power to protect its suitors by injunction against a judgment rendered in the State court after a proper application to remove the cause. But the only authority there cited is *French* v. *Hay,* 22 Wall. 250, in which the circumstances were very peculiar, and the judgment in no way supports the position of the learned author. In that case, the principal cause had been removed without objection from a State court of Virginia into the Circuit Court of the United States, and the State court of Virginia had not under-taken to retain jurisdiction thereof. The injunction issued by the Federal court was not against proceeding with the original suit in the State court of Virginia, but against prosecuting a new suit, commenced in the courts of another State after the right of removal had been perfected, upon a decree rendered in the State court of Virginia before the application for removal. The judgment is limited by its language, as well as by the facts before the court, to injunctions to stay suits commenced after the jurisdiction of the Federal court has attached; and in any other view would be inconsistent, not only with the clear terms of the acts of Congress, but with earlier and later decisions of the Supreme Court of the United States. U. S. St. March 2, 1793, § 5. U. S. Rev. Sts. § 720. *Diggs* v. *Wolcott,* 4 Cranch, 179. *Watson* v. *Jones,* 13 Wall. 679, 719. *Haines* v. *Carpenter,* 91 U. S. 254. *Dial* v. *Reynolds,* 96 U. S. 340. See also Brad-ley, J., in *Live Stock Association* v. *Crescent City Co.* 1 Abbott U. S. 388, 404–407; *S. C.* 1 Woods, 21, 34–36.

The inconvenience of the construction for which the defendant contends may be made more apparent by applying it to a case in which the amount in dispute is more than five hundred and less than five thousand dollars. Such a case, in the event of a de-cision in the highest court of the State against a right claimed under the act of Congress, could be taken by writ of error to the Supreme Court of the United States. U. S. Rev. Sts. § 709. But a decision of the Circuit Court of the United States in favor of such a right could not be reëxamined in the Supreme Court.

U. S. Rev. Sts. § 691. U. S. St. February 16, 1875, § 3. So that the effect would be to make the decision of a Circuit Court of the United States paramount to the deliberate judgment of the highest court of the State.

This court has uniformly held that any court of the Commonwealth, before declining the further exercise of jurisdiction over a cause, must consider and determine whether, upon the record and papers before it, the petitioner has brought himself within the acts of Congress; and that the ruling of a judge of this court or of the Superior Court upon that question may be revised in the full bench of this court upon bill of exceptions or report of the judge. *Commonwealth* v. *Casey*, 12 Allen, 214. *Morton* v. *Mutual Ins. Co.* 105 Mass. 141. *Bryant* v. *Rich*, 106 Mass. 180. *Florence Sewing Machine Co.* v. *Grover & Baker Co.* 110 Mass. 70. *Mahone* v. *Manchester & Lawrence Railroad*, 111 Mass. 72. *Galpin* v. *Critchlow*, 112 Mass. 339. *Gordon* v. *Green*, 113 Mass. 259. *Du Vivier* v. *Hopkins*, 116 Mass. 125. *New York Warehouse Co.* v. *Loomis*, 122 Mass. 431. And, notwithstanding some dicta of the learned justice who delivered the opinion in *Insurance Co.* v. *Dunn*, 19 Wall. 214, 223, having an opposite tendency, the practice of this court in this regard is upheld by many decisions of the Supreme Court of the United States, of which it will be sufficient to cite a few of the more recent.

In *Florence Sewing Machine Co.* v. *Grover & Baker Co.* 110 Mass. 70, a defendant filed a petition for a removal of the case into the Circuit Court of the United States under the act of Congress of 1867, which was refused by a justice of this court, upon the ground that the case was not within the act; and upon exceptions to such refusal, and to his rulings at the subsequent trial, his decision was affirmed by the full court. The case was nevertheless entered in the Circuit Court of the United States, and a motion of the plaintiff to remand it was overruled by that court. 1 Holmes C. C. 235. But the Supreme Court of the United States, on a writ of error to this court, affirmed its judgment, without a suggestion that there was any irregularity in its proceedings, or that it had lost its jurisdiction of the case by the entry thereof in the Circuit Court. 18 Wall. 553.

So in *Bryant* v. *Rich*, 106 Mass. 180, a justice of the Superior Court declined to grant a petition for removal under the same

act of Congress, on the ground that it was filed too late; and exceptions were taken to his decision and were overruled by this court. The Supreme Court of the United States, upon writ of error, held, in the words of Chief Justice Waite, that "the transfer was properly refused," and affirmed the judgment. *Vannevar* v. *Bryant,* 21 Wall. 41. A similar decision was made upon a writ of error to the Supreme Court of Iowa in *Railroad Co.* v. *McKinley,* 99 U. S. 147.

In *Fashnacht* v. *Frank,* 23 Wall. 416, an alien, whose property had been ordered, by a decree of a district court of the State of Louisiana, to be sold at the suit of a citizen of that State holding a mortgage thereon, obtained from the same court a temporary injunction, which, upon hearing, was dissolved; and afterwards filed a petition, under the act of Congress of July 27, 1866, for the removal of the case into the Circuit Court of the United States, which was refused, and he then appealed from the decree dissolving the injunction to the Supreme Court of Louisiana, which affirmed that decree. The Chief Justice of the United States, in delivering the judgment of the Supreme Court dismissing for want of jurisdiction a writ of error to the State court, said that the petition for removal "was at once very properly overruled, for the reason that a final judgment had already been rendered," and that the appeal to the Supreme Court of the State "was clearly the appropriate remedy for the correction of the errors of the district court, if there were any."

In another case, a defendant's petition for removal under the Judiciary Act of 1789, which alleged the citizenship of the plaintiff at the date of the petition, but not at the time of the commencement of the action, was for that reason refused by the Supreme Court of the State of New York, and its judgment affirmed in the Court of Appeals. *Pechner* v. *Phœnix Ins. Co.* 6 Lansing, 411, and 65 N. Y. 195. The case was taken by writ of error to the Supreme Court of the United States; and it was there argued that the compliance with the conditions of the act of Congress ousted the Supreme Court of New York of its jurisdiction, and all further proceedings therein were void. But the judgment was affirmed; the Chief Justice saying, " This right of removal is statutory. Before a party can avail himself

of it, he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the cause. It should state facts which, taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot 'proceed further with the cause.' Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended." "The court had the right to take the case as made by the party himself, and not inquire further. If that was not sufficient to oust the jurisdiction, there was no reason why the court might not proceed with the cause." 95 U. S. 183. A like decision was made where petitions under the act of 1867 contained defective allegations of the citizenship of the adverse party; and the Chief Justice said, "Holding, as we do, that a State court is not bound to surrender its jurisdiction upon a petition for removal until at least a petition is filed, which, upon its face, shows the right of the petitioner to the transfer, it was not error for the court to retain these causes." *Amory* v. *Amory*, 95 U. S. 186.

In the very recent case of *Meyer* v. *Construction Co.* 100 U. S. 457, a defendant in an inferior court of the State of Iowa filed a petition under the act of Congress of March 3, 1875, for a removal of the cause into the Circuit Court of the United States. The State court refused the petition, because one of the two sureties on the bond offered was an attorney of the court, who was forbidden by the law and practice of Iowa to be a surety; and because the petition was filed too late, after the trial had begun. The defendant, notwithstanding, obtained from the clerk a copy of the record, and filed it in the Circuit Court of the United States, and that court overruled a motion of the plaintiff to remand the cause. The State court, against the protest of the defendant, proceeded with the cause, and entered a final decree for the plaintiff, and the defendant appealed therefrom to the Supreme Court of the State, which affirmed that decree. The cause also proceeded in the Circuit Court of the United States, and there resulted in a decree for the defendant. The matter was brought before the Supreme Court of the United States by writ of error to the State court, and by appeal

from the decree of the Federal court. The Supreme Court of the United States held that the cause was legally removed, because one of the sureties was admitted to be sufficient, and the act of Congress did not require more than one, and because upon the facts appearing on the record the trial had not begun when the petition for removal was filed; and that the defendant had not, by taking part under protest in the subsequent proceedings in the State court, waived his right to insist that the cause had been so removed. The Supreme Court, on the writ of error, reversed the judgment of the Supreme Court of Iowa, and remanded the cause to that court, with instructions to reverse the decision of the inferior court of the State, and to direct that court to proceed no further with the suit; and, on the appeal, reversed the decree of the Circuit Court of the United States upon the merits, and remanded the cause for further proceedings in that court. But no suggestion was made that the State court had no authority, for the purpose of ascertaining whether it should retain jurisdiction of the cause, to consider whether the provisions of the act of Congress had been complied with. On the contrary, the Chief Justice, in delivering judgment, clearly implied that, if the sufficiency of the surety, or the citizenship of either party, had been denied in point of fact, the State court might have inquired into it, and added, " We fully recognize the principle, heretofore asserted in many cases, that the State court is not required to let go its jurisdiction until a case is made, which, upon its face, shows that the petitioner can remove the cause as a matter of right."

The bill of exceptions allowed by the Chief Justice of the Superior Court to his order granting the petition for a removal of the cause into the Circuit Court of the United States is therefore rightly before us, and the motion to dismiss it for want of jurisdiction must be denied. But, upon consideration of the exceptions, we are of opinion that they cannot be sustained.

The petition for removal was filed " before the trial " of the suit in the State court, as required by the U. S. Rev. Sts. § 639, *cl.* 3; and we concur in the opinion, which has been expressed by Mr. Justice Miller, and, so far as we are informed, by every other Federal judge who has had occasion to decide the question,

that the act of Congress of March 3, 1875, which provides that, in any suit between citizens of different States, either party may file a petition for removal, without any affidavit, " before or at the term at which said cause could be first tried and before the trial thereof," and which repeals only such acts and parts of acts as are in conflict with its provisions, has not taken away the right of a citizen of another State to remove a suit between himself and a citizen of the State in which the suit is brought, at any time before the trial, upon making affidavit of his belief and reason to believe that from prejudice or local influence he will not be able to obtain justice in the State court. Dillon on Removal of Causes, 29. *Arapahoe County* v. *Kansas Pacific Railway*, 4 Dill. 277, 287. *Cooke* v. *Ford*, 16 Am. Law Reg. (N. S.) 417. *Whitehouse* v. *Continental Ins. Co.* 2 Fed. Rep. 498. See also *Bible Society* v. *Grove*, 101 U. S. 610.

The hearing before an auditor, who determines nothing finally, but whose report is, by the Gen. Sts. *c.* 121, § 46, only *prima facie* evidence upon a subsequent trial before the court or jury, is not a trial, within the meaning of the acts of Congress; and consent to the appointment of an auditor is no waiver of the right to remove before trial under the U. S. Rev. Sts. § 639, *cl.* 3. In *Hanover Bank* v. *Smith*, 13 Blatchf. C. C. 224, cited for the plaintiff, the party who was held to have waived his right of removal had consented, upon the case being called for trial in court, and in order to avoid such trial, that it should be tried by a referee named.

The objection made at the argument, on the authority of *McMurdy* v. *Connecticut Ins. Co.* 9 Chicago Legal News, 324, and *Torrey* v. *Grant Locomotive Works*, 14 Blatchf. C. C. 269, that the bond given, being in accordance with the provisions of the act of Congress of 1867 and of the U. S. Rev. Sts. § 639 only, and not with those of the act of 1875, because it did not contain a stipulation for the payment of costs in the Circuit Court if that court should remand the case, was therefore insufficient, does not appear by the bill of exceptions to have been taken in the court below, and is not open in this court.

*Exceptions overruled.*