COBB (BUCK v.). See Case No. 2,079.

---

## Case No. 2,921.

COBB et al. v. GLOBE MUT. LIFE INS. CO.

[3 Hughes, 452; 6 Reporter, 515; 2 Va. Law J. 52.] [1]

Circuit Court, E. D. Virginia. Dec. 3, 1877.

PRACTICE ON REMOVAL.

1. In order to remove a suit from a state court to a United States court, under the judiciary act of March 3d, 1875 [18 Stat. 470], the mere filing of the petition and bond in the state court by the party entitled to remove the suit is sufficient; and the jurisdiction to determine whether or not the case was removable and was properly removed, and a sufficient bond given, is in the United States circuit court, and not in the state court.

2. The United States circuit court in which the copy of the record of the state court in a removed suit must be filed, and in which the party making the removal must enter his appearance, is the court held at the place in which the suit in the state court was brought, or the place of holding the United States court most convenient to that place.

[3. Cited in Woolridge v. McKenna, 8 Fed. 667, to the point that the right of removal is lost where the transcript of record is not filed within the time prescribed by law, although the removal be obstructed by the state court refusing it.]

In equity. On the 12th November, 1877, the defendant company filed its petition in

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission. 6 Reporter, 515, contains only a partial report.]

this court, of which the following is the material part: "Your petitioner, the Globe Mutual Life Insurance Company, a corporation duly incorporated by the laws of the state of New York, would respectfully represent to the court that, on the 3d of August, in the year 1877, Cora A. Cobb, Richard H. Cobb, Annie L. Cobb and Caroline F. Cobb, by L. R. Edwards, their next friend, sued out of the corporation court of the city of Norfolk, a summons against the petitioner, wherein it was required that the said company should answer a claim alleged to be due to the said plaintiffs upon a policy of insurance which the company had issued upon the life of one Henry V. Cobb, which said policy was for the sum of $5,000, alleging also in their declaration that the said H. V. Cobb had departed this life, and, therefore, the said policy is due and forfeited. Your petitioner would further state to the court, that William C. Carrington was retained as counsel for the company to attend to its interests in this cause. That the case was duly proceeded with and matured in the said corporation court of the city of Norfolk. That the counsel, William C. Carrington, was notified that the case was set for trial on a certain day, to wit, the 14th of September, 1877. That the said Carrington was at that time confined to his bed by sickness, and had been so for more than two months previous to that time. That it was wholly impossible for him to attend the trial of the cause on that day. That in consequence thereof he requested a member of the Richmond bar to go to Norfolk and state the condition in which he was, and to ask the court for a continuance until the next term of said court. That the attorney went to Norfolk and stated that he appeared not for the company, but for Mr. Carrington, who was unable to attend. The court refused to continue until its next term, but set the cause for hearing on the 18th of said month. It is proper to state here that this last appointment was with the consent of Mr. Carrington's representative. That up to this time no plea of any kind had been put in by the company. When the 18th of September came, it was still impossible for Mr. Carrington to appear, he being still confined to his bed, and he sent instructions to Messrs. McIntosh & Brooke to appear for the company, and at the same time requested them to make a motion for the removal of the cause to the United States court, upon the ground that the said company was a foreign corporation, and, therefore, entitled to said removal. This motion the court overruled, upon the ground that the company having once appeared and agreed that the cause should be tried on a certain day, thereby submitted to the jurisdiction, and consequently lost its right to a removal."

The following is the clerk's memorandum of proceedings in the cause in the state court:

"1877. — August Rules — Declaration and policy filed and common order.

"September Rules.—Common order confirmed and writ of inquiry.

"September 14.—Defendant appeared by attorney, and motion for continuance overruled. Motion to file two special pleas. Motion of plaintiff to reject special pleas sustained, and cause adjourned.

"September 19.—Verdict, judgment, and four bills of exceptions.

"September 22.—Fifth bill of exceptions filed.

"September term, 1877, of the corporation court adjourned September 25th, 1877.

"October 9.—Order of judge in vacation, suspending execution for sixty days upon notice given and statement by defendant of intention to apply to court of appeals for writ of error.

"October 17, 1877.—Bond under above order of 9th October given by defendant. Date of delivery of record to defendant's counsel, D. T. Brooke, a few days before the 7th of November, 1877, when the same was paid for.

"Teste: W. H. Hunter, C. C."

Memorandum of defendant's counsel: "Our recollection is, that the copy of the record was delivered to us on Saturday, 3d of November, and one of the pleas being omitted, we returned the record for correction Monday, November 5th, which was done at once. we think, the same day. McIntosh & Brooke."

On 12th of November, 1877, a writ of certiorari was issued by the clerk of the United States circuit court, on application of the defendant, to the clerk of the corporation court of Norfolk, returnable at Richmond forthwith. The plaintiff now (December 3d, 1877) moves to quash the writ of certiorari and dismiss the defendant's petition.

HUGHES, District Judge. The constitution of the United States extends the judicial power of the United States to "all controversies between citizens of different states," so far as it shall be vested by act of congress in the United States courts. Section 3 of the judiciary act of congress of March 3, 1875, provides that any suit in a state court in which there shall be a controversy between citizens of different states, and in which the value in controversy exceeds $500, may be removed into the circuit court of the United States for the district where the suit is pending, on the petition of any party to such suit. The act directs, that if such party files his petition for removal in the state court at the term at which the suit could be first tried and before the trial, and also files therewith a bond, with sufficient security, for his entering in said United States circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said United States circuit court if its decision should be against him—it shall then be the duty of the

state court to accept said petition and bond, and proceed no further in such suit. It further directs that, on the said copy being entered as aforesaid in said United States circuit court, the cause shall then proceed in the same manner as if it had been originally commenced in the said United States circuit court.

Section 5 provides, that if it shall at any time appear to the satisfaction of said United States circuit court, etc., that such suit does not really and substantially involve a controversy properly within its jurisdiction, or that the parties to said suit have been improperly or collusively made or joined for the purpose of creating a case cognizable or removable under this act, the United States circuit court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed. Section 7 provides that in the event that the session of the United States circuit court held next after the filing, in the state court, of the petition and bond for removal, should commence earlier than twenty days thereafter, then the party obtaining the removal may have twenty days within which to present the copy of the record to the said United States circuit court. This is the latest enactment of congress on the subject and revises all previous acts, and repeals them so far as they are inconsistent with its provisions. It will be seen that the constitution of the United States gives either party to a controversy, in which the parties are residents of different states, the privilege of having his rights determined by a court of the United States; and gives congress the authority to prescribe, by law, how and 'under what conditions that right may be exercised, in those cases where the suit has been brought in a state court. Section 3 of the judiciary act of 1875 makes the mere filing in the state court, of the petition and the bond, all that is necessary to stay the proceedings of the state court, and makes it "the duty of the state court," on this filing, to suspend its proceedings. Section 5. in as plain terms as the English language affords, gives to the United States circuit court complete jurisdiction to determine whether the suit was one that could be properly removed; and to decide, after making such determination, what to do with the suit; whether to proceed in it, or to remand it to the state court, or to dismiss it outright. Such is the spirit, such the language, such the intention, and such the force and effect of the act of congress of March 3, 1875 (18 Stat. 470–473), which being passed in pursuance of the paramount organic law, is thereby, as to this particular subject, paramount to any law of state enactment or adoption, relating to the jurisdiction of the state court. By the filing of the petition and bond in the state court, showing that the controversy is one "between citizens of different states," the jurisdiction of the state court from that moment ceases, and all that that

court may do in the matter afterwards is coram non judice, null and void. The question of the sufficiency of the bond itself, the competency of the petition, the validity of the removal, and each and all questions arising upon the petition, are taken away by this law from the state court, and reserved by section 5 for the United States circuit court, to be passed upon in the exercise of the unembarrassed and undivided jurisdiction, which this act gives it, under the authority of the constitution, over all "controversies between citizens of different states."

Practically, the action of the corporation court of Norfolk defeated the constitutional right to which the defendant company in this suit was entitled,—to have its controversy tried and determined in a federal court. The motion for removal on the 18th of September, accompanied by petition and bond, was overruled by that court, although it was in time, being made at the term of the state court "at which it would be first tried, and before the trial." I suppose that court acted on some law of congress relating to removals of suits, of prior date to the act of 1875 now in force. The mere fact that counsel not regularly employed, and acting for the regular counsel, who was sick in another city, had moved for a continuance on or about the first day of the term, had no effect in law on a question of constitutional right, and could not deprive the client of the moving counsel of his right to avail himself of the privilege of removal which he still had upon filing petition and bond at that term, and before a trial. The effect of the refusal of the state court to allow the removal though, nil in law, yet practically resulted in putting the defendant to the care and labor and expense of preparing for and going through a trial, and afterwards of securing an appeal to the appellate state court, from the decision against him of the corporation court of Norfolk.

The defendant by counsel, in argument, avers that in consequence of being thus preoccupied and engaged with the defence and appeal, it neglected to file a copy of the record of the state court in this court within the twenty days prescribed by the judiciary act of 1875, § 5. The record of the state court was not filed, either on the 1st of October, which was the commencement of the term of this court at Richmond, or within twenty days from the 18th of September in the court at Richmond, or in this court on the first day of its fall term at Norfolk, which was the 5th of November. Not having been filed within the time allowed by law, the suit has not been removed to this court.

I will say a word passim as to the place to which the suit should have been removed. The suit having been brought in the state court at Norfolk, the proper place to which it should have been removed was to the United States circuit court at Norfolk; and the proper time at which to file the record

there was at the November term, which commenced on the 5th day of that month. The case was not properly removable to the United States circuit court at Richmond, the fall term of which began on the 1st of October. The plaintiff in the suit had a right to have the suit heard in the United States circuit court at the place at which it was brought, if a United States circuit court was held there; and it would have been erroneous for the defendant to have removed it to the United States circuit court at Richmond. The copy of the record of the state court not having been filed in the United States circuit court at Norfolk before the first day of its November term, nor the defendant's appearance entered there on that day, it follows that the suit has not been removed in the manner prescribed by the judiciary act of 1875, and this court is, therefore, without jurisdiction to entertain or proceed in it.

The fact that the defendant lost his right of removal in consequence of the action of the state court, cannot operate in any way to confer upon this court a jurisdiction which was not secured to it by a compliance, on defendant's part, with the requirements of the act of 1875. He should have filed his record and entered his appearance on the first day of the November term of this court at Norfolk, independently of and notwithstanding the action of the state court. It is to be regretted that the defendant has lost a constitutional right; but there is no power of redress lodged in this court under the circumstances attending this case. The right of choosing the forum is given by the constitution and· laws to either party to the controversy. It is the will of the party, expressed in the manner prescribed by law, which determines the forum; and his expression of that will ought not to be treated by the state court as an act invidious towards itself. Though in form the party chooses between courts, his choice is really a preference between a jury selected, as in the United States court, from a large district of country, and a jury selected, as in the state court, from a single county or town. It is the will of the party to the suit, I repeat, which determines the forum which shall try and decide the controversy. Unless that will is expressed to the contrary, the state court has full jurisdiction of the suit and of all questions incidental to it. After its expression, this full jurisdiction passes by the will of the petitioner, and not by any seeking of the federal court, to the federal forum. The federal court has then no more power to decline the jurisdiction than the state court to retain it. Nothing could be more unseemly than a struggle between the two courts for a jurisdiction which the law and constitution of the land makes subject alone to the bona fide volition of either party to the controversy. For a long time congress gave this right to the non-resident defendant alone— not exhausting the power and discretion in-

trusted to it by the national constitution. Now, however, that right is given to "either party" (18 Stat. 471. § 2,) to a controversy between citizens of different states, whether resident or non-resident, whether plaintiff or defendant. The enlargement thus of this right by congress is in pursuance of an express provision of the national constitution as it came from its illustrious framers in 1787, and is not a just ground of criticism or complaint by any state court. The motion to quash the writ of certiorari and to dismiss defendant's petition is therefore granted.