DENNEY (ODIORNE v.). See Case No. 10,-431.

## Case No. 3,791.

### DENNIS v. ALACHUA COUNTY.

[3 Woods, 683.][1]

Circuit Court, N. D. Florida. Dec. Term, 1877.

REMOVAL OF CAUSES—REPEAL OF LAWS—REMAND—DEFECTS IN BOND AND TRANSCRIPT.

1. The act of March 2, 1867 (14 Stat. 558), for the removal of causes from the state to the federal courts, is not repealed by the act of March 3, 1875 (18 Stat. 470), on the same subject.

2. It is not necessary that the petition for removal should be signed, or the affidavit required by the act of 1867 made by the petitioner in person. Both may be done by his attorney in fact.

[Cited in Duff v. Duff, 31 Fed. 774.]

3. The facts that the bond for removal was signed by the petitioner by attorney, or that the sureties on the same are insufficient, are not good grounds for remanding the cause to the state court.

4. When a cause is once removed from a state to a federal court, and there are no jurisdictional objections to its remaining there, it will not be remanded or dismissed for defects in the bond for removal, insufficiency of sureties thereon, or other irregularities which can be remedied or have not worked any prejudice to the opposite party.

[Cited in Woolridge v. McKenna, 8 Fed. 668; Chambers v. McDougal, 42 Fed. 697.]

5. A defect or omission in the transcript of the record of the state court can be cured by certiorari. It is not a ground for remanding the cause.

6. The approval, by the state court, of the bond of removal of a cause, is not necessary to the jurisdiction of the federal court.

The cause was removed from the circuit court of Alachua county to the United States circuit court, upon affidavit by the attorney in fact of the plaintiff, that from prejudice or local influence the plaintiff would not be able to obtain justice in the state court. The counsel for defendant thereupon moved to remand the cause to the state court, on grounds which are stated in the opinion of the court.

Thomas F. King, R. T. Taylor, L. I. Fleming, J. J. Daniel, and F. P. Fleming, for the motion.

E. M. Cheney, J. B. C. Drew, and A. A. Knight, contra.

SETTLE, District Judge. Nine reasons are assigned by the counsel for the defendant, in support of the motion to remand this case to the circuit court for the county of Alachua, fifth judicial circuit of Florida.

First. It is contended that the application of the plaintiff, for the removal of the suit from the state to the federal court, was not made "before or at the term at which the suit could be first tried." The suit was commenced in April, 1877, by the plaintiff, a citizen of Massachusetts, against the county of Alachua, in the state of Florida. It does

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

not appear from the record that any action was taken at the November term, 1877, of the circuit court for the county of Alachua, further than to file the order of the state judge overruling the plaintiff's demurrer to the defendant's seventh plea. It does appear, however, that the plaintiff joined issue upon the defendant's seventh plea, on the first day of May, 1878, after the suit had been removed to this court. So it would seem the suit was not at issue in the state court at the time the plaintiff filed his petition for removal. But if it be conceded, as contended for by the defendant, that the plaintiff should have joined issue upon the defendant's seventh plea at November term, 1877, and that the suit should then have stood for trial, still, in view of such decisions of the courts as I have been able to examine, and upon the reason of the law, I am constrained to hold that the application is in apt time if the petition be filed at any time before the trial or final hearing of the suit in the state court; if, before or at the time of filing said petition, the party makes and files in the state court an affidavit stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in the state court. The act of 1875 (18 Stat. 470) does not, in express terms, repeal the act of 1867 (14 Stat. 558), nor, indeed, any other acts, and it can not do so by implication, unless there be "such positive repugnancy between the provisions of the new law and the old, that they can not stand together or be consistently reconciled." Wood v. U. S., 16 Pet. [26 U. S.] 342. "A repeal by implication is not favored. The bearing of the courts is against the doctrine, if it be possible to reconcile the two acts of the legislature together." McCool v. Smith, 1 Black [66 U. S.] 459. So far from there being any conflict between the acts of 1875 and 1867, they stand together in perfect harmony, and with them also stand other enactments, which are necessary to cover the whole ground and meet all the cases which congress seems, from time to time, to have had in contemplation; e. g., the legislation which provides for the removal of suits brought in state courts against the officers of the United States. Instead of restricting the right of removal of causes from state to federal jurisdiction, it seems to have been the purpose of congress, in the act of 1875, to extend the jurisdiction of the circuit courts to the utmost limit allowed by the constitution, with the single exception as to the amount involved, in certain classes of cases.

Judge Dillon, in his able brochure on the removal of causes from state courts to federal courts, at page 28, says: "The third subdivision of that section (639, Rev. St., corresponding to the act of 1867) is broader than the act of 1875, provides for a class of cases not provided for by that act, and while the point is not free of doubt, the true view

seems to be that at all events this portion of the 639th section remains unrepealed. This has been decided to be so in the eighth circuit by Mr. Justice Miller, and generally in the courts of that circuit, and, so far as we are advised, by the circuit courts elsewhere." In the United States circuit court, district of Kentucky, at May term, 1877, in Cooke v. Ford [Case No. 3,173], Ballard, District Judge, delivered an able opinion upon the precise question now under consideration, and after quoting with approbation the above extract from Judge Dillon, says: "There seems to be the most substantial reason for allowing such citizen of another state to remove a suit at any stage before trial or final hearing, when it appears, owing to such prejudice or local influence, he cannot obtain justice in the state courts. * * * This prejudice or local influence may not exist in the first stage of the cause, or if it existed, it may not then be discovered. It may be subsequently developed." Mr. Justice Miller, in Arapahoe Co. v. Kansas Pac. Ry. Co. [Id. 502], says: "I have decided that the act of 1867, concerning prejudice, remains in full force. The reason is that this statute (of 1875) does not repeal all acts on the same subject, but only such as are in conflict. It is very guarded. * * * In all cases of removal under this act (of 1875), application must be made at the first term, or before the term at which it could be tried or heard. No such provision is made in the act of 1867 [supra], or in that of 1866" [14 Stat. 306].

Second. The second ground in support of the motion to remand is: "That the petition for removal is not made by the plaintiff in person." It is not necessary that it should be so made. The petition, in this case, is evidently copied from the form which Judge Dillon says is in common use in the eighth circuit, and following that form it is signed by the attorney for the plaintiff. This, I think, is in accordance with the usual practice, and entirely sufficient.

Third. "That the affidavit for removal is not made by the plaintiff in person." The affidavit, of prejudice and local influence, is made by one Leonard G. Dennis, who swears that he is the agent and attorney in fact of the plaintiff. Judge Dillon (Removal of Causes, pp. 61, 62) says that this affidavit should, whenever possible, be made by the party himself; but he adds: "As the party himself is a non-resident, and may not be as well advised as his local agent or attorney as to the existence of local influence or prejudice, there would seem to be no reason for requiring the affidavit, in all cases, to be made by the party, and some parties, as infants or persons non compos mentis, could not make it." I concur in this reasoning, believing that cases are of frequent occurrence, wherein the local agent or attorney can make the affidavit with better knowledge and much more propriety than the non-resident party could do so.

Fourth. "That the bond is not executed by the plaintiff or his attorney-in-fact."

Fifth. "That the bond is signed by the attorney-at-law of the plaintiff."

True, the bond is signed "Richard C. Dennis, by Ed. M. Cheney, attorney," but it is also executed by three other parties. and what possible difference can it make, to any one, whether the bond be executed by A or B, provided it be in all respects sufficient? The bond is copied, verbatim, from the form given by Judge Dillon, as appropriate in such cases.

Seventh. The seventh ground is, "that the bond is not in fact a good and sufficient security." In support of this objection to the bond, the counsel for the defendant has filed with the clerk of this court an affidavit made by one Carlisle, and taken before a justice of the peace for Alachua county, on the 10th day of December, 1878, which tends to prove that the bond is insufficient. The petition and bond for removal were filed in the state court in April, 1878, and a copy of the record and papers was filed in this court on the first Monday in May, 1878. As I can only look at the record and papers properly in the case in passing upon the questions before me, I do not see that this affidavit can have the slightest weight in influencing my judgment upon the motion to remand; it possibly should be considered in determining what action this court shall take upon the bond. There are many cases to be found in the recent numbers of law publications, to the effect that when a case is once removed from a state to a federal court, and there are no jurisdictional· objections to its remaining there, it will not be remanded or dismissed for defects connected with the giving of the security or bond, or other irregularities which can be remedied, or which have not worked any prejudice.

Eighth. The eighth objection is, "that the bond does not provide for the payment of costs, as prescribed by the act of congress of March 3, 1875." Let it be conceded that the act of 1875 requires the bond to be in the form suggested; still, from what has been said, it follows that the defect furnishes no sufficient ground for remanding the cause. In order, however, to obviate all the objections to the bond on file, I deem it proper to require the plaintiff to file in this court a sufficient bond, under the act of 1875, within the next thirty days.

Ninth. "That the clerk of the state court does not certify that copies of all the papers and proceedings in said court have been transferred to this court." If the counsel for the defendant are prepared to suggest a diminution of the record, they will be entitled to a certiorari to bring into this court a full and true record of all the papers and proceedings in the state court.

Sixth. Having disposed of all the other grounds relied upon in support of the defendant's motion, we will now consider the sixth, which was pressed with much zeal upon the argument: "That the bond was not accepted or approved by the judge of the state court." While the supreme courts of some of the states, among them Massachusetts, Wisconsin and Virginia, have held this to be necessary before a removal can be effected, others, Rhode Island and Missouri, for instance, have held that the filing of the petition and bond, ipso facto, suspends the jurisdiction of the state court. The supreme court of Missouri, in the case of Herryford v. Aetna Ins. Co., 42 Mo. 148, uses the following emphatic language: "When a party makes an application for a removal of the cause in the manner required by the act of congress, it is error in the state court to proceed further in the matter, and every subsequent step is coram non judice." While there is this conflict of opinion between the supreme courts of the different states, there is a uniform current in the decisions of the federal courts, to the effect, that if the case be within the act of congress, and the petition is in due form, accompanied by the required bond, the jurisdiction of the state court ceases, eo instanti, upon the filing of the petition and bond, in the state court, either in term time or in vacation. Drummond, Circuit Judge, and Blodgett, District Judge, in Osgood v. Chicago, D. & V. R. Co. [Case No. 10,604], say: "Having filed the petition and bond with the clerk in the given case, the applicant has done all that the statute requires. He need not call upon the court to act at all. No order is to be made in court, at least the statute names none, unless the mandate that the court shall accept the petition and bond implies one." Judge Dillon . expresses the same opinion at page 66 of his pamphlet on the Removal of Causes. Woods, Circuit Judge, in Ellerman v. New Orleans, M. & T. R. Co. [Id. 4,382], says: "The presentation of the proper petition and bond is, by the act of congress, as well as by the decisions of the supreme court of the United States, effectual to suspend all the powers of the state court in which the suit is,"and he cites, for this position, the cases of Insurance Co. v. Dunn, 19 Wall. [86 U. S.] 214; Insurance Co. v. Morse, 20 Wall. [87 U. S.] 445; Kanouse v. Martin, 15 How. [56 U. S.] 198; and Gordon v. Longest, 16 Pet. [41 U. S.] 97.

I might well stop here, but the language of Mr. Justice Strong, sitting in the United States circuit court for the western district of Pennsylvania, in June, 1878, since the passage of all the acts on the subject of removals, is so forcible and so appropriate to the point under consideration, as to justify a quotation from him, even after citing the decisions of the supreme court to the same effect. In Taylor v. Rockafeller [Case No. 13,802], where the state court had adjudged that the record and petition did not exhibit a case proper for removal under the acts of congress, and had refused to part with its juris-

diction, Mr. Justice Strong says: "If the petition and record exhibited a case which the petitioners had a right to remove, it was not in the power of the state court to deny the right by any judgment it could give. The act of congress declares that after the petition and bond are filed, the state court shall proceed no further in the suit. The petition is filed in the suit. It is thus made part of the record, and, by the act of filing, the suit is withdrawn from the jurisdiction of the state court. It is to be observed, that no order of the state court for a removal is necessary, certainly none since the act of 1875; nor is any allowance required. The allowance is made by statute." Learned counsel contend that this construction is not courteous to the state tribunals, and that it will destroy the comity which ought to exist between the federal and the state courts. I should much regret such a result, since there is in this state at least, the best understanding, both officially and personally, between the judges of the federal and state courts. But the ruling will give no just cause of offense, and I apprehend none will be taken, for it is not a matter of courtesy or comity, but one of positive law, made in pursuance of the constitution of the United States, and binding alike upon the federal and state courts. Neither should be superserviceable in the effort to appear courteous, when both are bound by a positive rule of law which compels the one to relinquish and the other to take jurisdiction. The state is supreme within its sphere, but the "constitution and the laws of the United States which shall be made in pursuance thereof, * * * shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." Const. U. S. art. 6. The federal government cannot submit the interpretation of its constitution and laws to any tribunals save its own, and this fundamental principle has been so long and so well understood that its application should not produce the least sensitiveness in any quarter. The motion to remand the case to the state court is denied.