# Case No. 12,894.

## SIMS v. SIMS.

### [17 Blatchf. 369.] 1

Circuit Court, S. D. New York.    Dec. 23, 1879.

REMOVAL OF CAUSES—ACTS OF CONGRESS—FINAL HEARING.

1. Subdivision 3 of section 639 of the Revised Statutes, in regard to the removal of causes, is not repealed by Act March 3, 1875 (18 Stat. 471).

[Cited in Johnson v. Johnson, 13 Fed. 193; Melendy v. Currier, 22 Fed. 129.]

2. Where a suit has been tried in the state court, and a judgment had for the plaintiff, and such adjustment has been reversed on appeal, and a new trial ordered, and proceedings, by the defendant, to remove the cause into this court, are taken before the new trial is had, the application for removal is made before "the trial or final hearing of the suit," and in time, under said subdivision 3.

[Cited in Melendy v. Currier, 22 Fed. 130.]

[This was an action at law by Thomas Sims against Elias Sims to recover damages for breach of contract.]

James C. Strong, for plaintiff.
A. G. Rice, for defendant.

BLATCHFORD, Circuit Judge. The petition for removal in this suit makes out a case falling strictly within the provisions of subdivision 3 of section 639 of the Revised Statutes of the United States, and the affidavit required by that subdivision was filed. The petition and affidavit were filed before "the trial or final hearing of the suit." The proper bond

---

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

was given. The state court accepted and approved the bond and made an order of removal.

This suit is an action at law, sounding in damages, for breach of a contract. It was tried in the state court, and the plaintiff had a money judgment, in April, 1875. That judgment was reversed by the court of appeals of New York, and a new trial was ordered. The remittitur or mandate from the court of appeals was filed in the supreme court, where the suit was pending, and an order was entered by that court, December 30, 1878, ordering a new trial. The proceedings for removal were taken before any new trial was had. The petition for removal alleges that the cause "is now at issue and pending for trial" in the state court. This, in connection with the other allegation in the petition, as to the history of the case, is a substantial allegation that the new trial has not been had. Under these circumstances, the application for removal was made in time, under said subdivision 3. See the authorities collected in Dill. Rem. Causes (2d Ed.) p. 54, note 82.

The petition for removal refers to Act March 2, 1867 (14 Stat. 558), now subdivision 3 of section 639 of the Revised Statutes, and to the Revised Statutes, as being the provision of law under which the removal is sought. It only remains, therefore, to consider whether subdivision 3 of section 639 is still in force, not repealed by Act March 3, 1875 (18 Stat. 471). I do not deem it necessary to go into a full discussion of the question, as that was done by the late Judge Ballard in Cooke v. Ford [Case No. 3,173]. He came to the conclusion that that subdivision is not repealed by the act of 1875. No binding or satisfactory decision to the contrary is cited, and I concur in that conclusion. This is the view of Judge Dillon (Rem. Causes, 2d Ed., pp. 28, 29), and he there states that it had been so decided "in the Eighth circuit, by Mr. Justice Miller, and generally in the courts of that circuit, and, so far as we are advised, by the circuit courts elsewhere."

I have considered the other points urged as grounds for remanding the cause, and do not deem it necessary to comment on them particularly. They are overruled. The motion to remand is denied.