OHLE v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Removal of Cause**: CITIZENSHIP: ESTOPPEL. Where plaintiff alleged that both he and the defendant were citizens of Illinois, and, on the strength of such allegation and the belief of the affiant, one of defendant's officers, as a basis for a motion to secure costs, made affidavit that plaintiff was a citizen of Illinois, *held* that, upon a hearing of a petition for removal of the cause to the federal courts, on the ground that plaintiff was in fact a citizen of Iowa, the allegation of plaintiff as to his citizenship was immaterial; that defendant was not estopped by the affidavit of its officer from alleging that plaintiff was in fact a citizen of Iowa; and that it was error to dismiss the petition for removal on that ground.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 23.

ACTION to recover damage for a personal injury received by the plaintiff when in the employ of the defendant. The latter moved the court to transfer the cause to the federal court. The motion was overruled, and defendant appeals.

*N. M. Hubbard* and *W. S. Clark*, for appellant.

*Bryan & Bryan*, for appellee.

SEEVERS, J.—The record shows that the plaintiff commenced a prior action for the same injuries, which was transferred to the federal court, and there tried before a jury, which resulted in a disagreement of the jury. Thereupon said action was dismissed by plaintiff. In the petition in the present case, the plaintiff stated that he was a resident and citizen of the state of Illinois, in which state the defendant was incorporated and of which it is a citizen.

The defendant moved the court to require plaintiff to give security for costs, and the motion was based on an affidavit of H. G. Burt, superintendent of the Iowa division of the defendant, in which it was stated "that the plaintiff is a non-resident of the state of Iowa, as he claims in his petition

in this case, and as I believe." The motion was sustained, and the defendant answered the petition.

Afterward the defendant filed a petition in due and proper form, stating that the defendant was a resident of the state of Illinois, and the plaintiff a citizen of the state of Iowa, and that the amount in controversy exceeded five hundred dollars, and asked that the action be transferred to the federal court. The petition was verified, and it was accompanied by a sufficient bond, conditioned according to law. The circuit court refused the transfer and dismissed the petition, and this is assigned as error.

No objection is made to the sufficiency of the petition for removal, or to the bond; but counsel for the appellee contends that the court rightly refused the transfer, because it appeared of record that the plaintiff was a resident of the state of Illinois.

The petition for removal being in strict compliance with the act of congress, we are of the opinion that the circuit court was ousted of jurisdiction, and the transfer to the federal court should have been ordered, or, at least, that the petition asking the removal should not have been dismissed.

It practically was immaterial whether a transfer was ordered or not, if the petition was sufficient, and the state court was ousted of jurisdiction. This is not a case where the petition for removal, or the bond, is in any respect defective. The statement in the petition of the plaintiff, that he was a citizen of the state of Illinois, is immaterial. It is not essential that such petition should be verified, and, therefore, such a statement could readily be made in every case.

The affidavit made by Burt cannot have the effect of an estoppel. The plaintiff was in no respect misled thereby. Because of it, the plaintiff was required to give a cost-bond, but this had no effect on the jurisdictional question. Conceding that we have the right to look at the whole record for the purpose of ascertaining whether the plaintiff is a citizen of Iowa or not, and that we are authorized to weigh the evidence, we

think the preponderance of the evidence is that the plaintiff is a resident of the state of Iowa. . On the one hand, there is the petition for removal, in which it is positively and explicitly stated that the plaintiff is a citizen of the state of Iowa; and on the other is the Burt affidavit, which on its face shows that he relied on the statement of the petition for the belief, in his own mind, that plaintiff was a resident of the state of Illinois. We think the circuit court erred in dismissing the petition for removal. This disposition of the case renders it unnecessary to consider the other errors assigned.

Reversed.