## MELENDY *v.* CURRIER.

*(Circuit Court, D. Vermont.* October **31, 1884.**)

1. REMOVAL OF CAUSE—REV. ST. § 639, SUBD. 3.
    Subdivision 3 of section 639 of the Revised Statutes was not repealed by the act of 1875, (18 St. at Large, 471.)

2. SAME—TIME OF APPLICATION—NEW TRIAL—LOCAL PREJUDICE.
    A case may be removed from the state court after reversal of the judgment of the trial court by the supreme court of the state, and pending the second trial, on affidavit of local prejudice, under subdivision 3 of section 639 of the Revised Statutes.

Motion to Remand Cause.

*L. H. Thompson,* for plaintiff.

*Heman S. Royce* and *John Young,* for defendant.

WHEELER, J. This cause was begun in the state court, was tried there, and a verdict and judgment for the defendant had. This judgment was reversed on exceptions, and a new trial granted. Then it was removed into this court, on an affidavit of local prejudice, under the act of 1867, now subdivision 3 of section 639 of the Revised Statutes. It has now been heard on a motion to remand. It is argued that this part of the act of 1867 was repealed by the act of 1875, (18 St. at Large, 471,) and that, if not, the time of removal is revised and regulated by the latter act, and must be as early as the term at which the cause would first stand for trial. That this part of the act of 1867 was not repealed by the act of 1875 has been repeatedly decided. *Cooke* v. *Ford,* 16 Amer. Law Reg. 417; *Sims* v. *Sims,* 17 Blatchf. 369. It is treated as in full force, notwithstanding the act of 1875, in *Bible Society* v. *Grove,* 101 U. S. 610.

In speaking of the provision prescribing in what cases a removal may be had, it is said by Mr. Chief Justice WAITE, in the latter case, that "the act of March 3, 1875, (18 St. 470,) has not changed this provision of the Revised Statutes." This seems to settle the question as to the repeal of the act of 1867. The act of 1875 is broad enough to include within its terms any case removable under the act of 1867, and any such case might be removed, without an affidavit of local prejudice, by complying with the terms of the act of 1875. For this reason it is said that it must govern as to the time of applying for removal. But, as the right to remove on account of local prejudice is left undisturbed by that act, the means by which the removal may be had are left as incidents to the right. There is no doubt but that a revision of the whole subject-matter of a statute repeals it, and leaves the revising statute only in force; but this latter act does not revise the whole of the subject-matter of the former; it leaves a part of it in force, and that part is in force according to its own terms. The act of 1875 does not purport to prescribe the means for removal of causes, except those removable under that act. It in terms pre-

scribes methods to any party "entitled to remove any suit mentioned in the next prescribing section." This plaintiff was not entitled to remove this suit as mentioned in that section. Sections 2, 3. He was entitled to remove it under the prior law, and must go to that for the means of effecting the removal.

The cause was pending for trial when the attempt at removal was made, and had not reached a final trial. There had been a trial, but it did not prove to be final. A right to another trial had been perfected. This is what was held to be necessary in *Vannevar* v. *Bryant*, 21 Wall. 41. It was there said by the chief justice: "To authorize the removal, the action must at the time of the application be actually pending for trial." This was expressly decided by now Mr. Justice BLATCHFORD in *Sims* v. *Sims*, 17 Blatchf. 369.

Motion denied.