CHARLES L. DUNN, an Infant, by his Guardian, *vs.* BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

## March 12, 1886.

**Removal of Cause to Federal Court—When Case Removable.**—It is only *where a cause is within the act of congress* that the filing of a petition and bond will remove it from the state to the federal court. It is the *existence* of the facts making the cause removable which, upon compliance with the requirements of the statute as to the mode of removal, effects the removal, and ousts the state court of jurisdiction.

**Same — When State Court has Jurisdiction after Petition for Removal.**—Hence, if an action is not *in fact* within the statute, the state court has jurisdiction to try it, although a petition and bond for its removal have been filed in due form, and notwithstanding that there has been no previous order of the federal court "remanding" the cause.

**Same — When State Court may Retain Jurisdiction — Inquiry as to Existence of Jurisdictional Facts.**—Whether a cause is within the statute, and whether the requirements of the statute as to the mode of removal have been complied with, are both federal questions, upon which the decision of the supreme court of the United States alone is controlling and conclusive; and if a state court decides either question in favor of its own jurisdiction, and its action is affirmed by the highest court of the state, the decision is reviewable on a writ of error by the supreme court of the United States. But before letting go its hold upon a cause, the state court has the right, in the first instance, to inquire into the facts upon which its jurisdiction depends. It has the same right to inquire as to the existence of the facts alleged in the petition, (such as the citizenship of the parties,) in order to determine whether the cause is in fact within the statute, as it has to examine the removal papers in order to determine whether the requirements of the statute as to the mode of removal have been complied with.

**Railway Company — Negligence — Evidence — Damages.**—*Held, also,* that evidence as to the condition of the railroad track and of the stove in the car was admissible under the allegations of the complaint; *also* that the evidence was sufficient to sustain the verdict; *also* that the amount of damages awarded, as finally fixed by the trial court, cannot, on the facts of this case, be held excessive.

Plaintiff, a child eight years old, brought this action in the district court for Ramsey county, to recover damages for personal injuries. Before the trial, the defendant applied to *Brill*, J., for a removal of the cause to the United States circuit court, under the local-preju-dice act, on which application the proceedings recited in the opinion were had, and the application was denied. The defendant thereupon caused a copy of the record to be filed in the federal court, and after-wards, the cause having come on for trial before the same judge with a jury, the defendant's counsel entered a special appearance, for the purpose of presenting to the court a transcript from the federal court, showing the filing in that court of a copy of the record, and of ob-jecting to the jurisdiction of the district court to proceed further in the cause. The court overruled the objection, the defendant except-ing, and the trial proceeded, resulting in a verdict of $50,000 for plaintiff. The exceptions taken during the trial are stated in the opinion.

The defendant having moved for a new trial, on the ground (among others) of excessive damages, the motion was denied, upon plaintiff's consenting to a reduction of the verdict to $25,000. Judgment was entered on the verdict as thus reduced, and the defendant appealed.

*C. K. Davis* and *J. D. Springer*, for appellant.

*C. D. O'Brien*, for respondent.

MITCHELL, J. The defendant, after this cause was at issue, season-ably filed its petition, affidavit, and bond for the removal of the ac-tion to the United States circuit court. The petition alleged that the defendant was a corporation organized under the laws of Iowa, and that plaintiff was, at the time of the commencement of the action, and still was, a citizen of the state of Minnesota. The plaintiff an-swered by affidavit, denying that he was a citizen of Minnesota, and alleging that he was, at the time his cause of action accrued, and ever since that time had been, and still was, a citizen of the territory of Montana. The allegation of the petition being thus denied, the court refused "to accept the security offered, and transfer the cause, until proof is made of the citizenship of the plaintiff." The defend-ant having offered no such proof, the court, against its objection and exception, proceeded to try the cause, and this is now assigned as error.

The contention of the defendant is that the court had no right to inquire as to whether or not the cause was in fact within the act of congress; that this was a question exclusively for the federal court upon a motion to remand; that by filing a petition and bond in due form, the cause was *ipso facto* removed, and the state court ousted of jurisdiction, and that it could proceed no farther; and that all its subsequent proceedings are void, as being without jurisdiction.

Of course no one will deny that if a cause has been removed, the state court is ousted of jurisdiction. But it seems to us that defendant's contention proceeds upon the false assumption that the filing of a petition and bond will work the removal of any cause. It is only when the action is within the statute that the filing of the petition and bond will remove it to the federal court. It is the *existence* of the facts making the cause removable which, upon compliance with the provisions of the statute, effects the removal. We speak of the federal court "remanding" a cause; but a motion to "remand" is equivalent to a special plea to the jurisdiction of the court,—*Mansfield etc., Ry. Co.* v. *Swan*, 111 U. S. 379, (4 Sup. Ct. Rep. 510,)—and an order "remanding" is but, in effect, a decision sustaining that plea, and holding that the federal court has no jurisdiction, either because the action is not within the statute, or because the requirements of the statute as to the mode of removal have not been complied with. And if the federal court never acquired jurisdiction, we fail to see how the state court could ever have lost it; and, so far as we can discover, whenever the supreme court of the United States have expressed themselves to the effect that upon filing the proper petition and bond the cause is removed, and the state court ousted of jurisdiction, the fact that the cause was within the statute either appeared or was assumed. Thus, in *Kern* v. *Huidekoper*, 103 U. S. 485, it is said: "*If the cause is removable*, and the statute for its removal has been complied with, no order of the state court," etc. So, in *Steamship Co.* v. *Tugman*, 106 U. S. 118, (1 Sup. Ct. Rep. 50,) it is said: "Upon the filing of the petition and bond, *the suit being removable under the statute*, the jurisdiction of the state court absolutely ceases;" and in *Stone* v. *Sargent*, 129 Mass. 503, Gray, C. J., says: "*If the case is within the act of congress*, and the proper petition, affidavit

and surety are filed in the state court, the circuit court of the United States takes jurisdiction of the cause, although the state court omits, or even refuses, to make any order for its removal."

Of course, the removability of a cause is a federal question, upon which the decision of the supreme court of the United States is and must be controlling and conclusive. Hence, if the state court should decide that a cause was not removable, and proceed to try it, and the supreme court of the state should affirm, the supreme court of the United States would, upon a writ of error, reverse if they should be of the opinion that the cause was within the act of congress. But the same thing is true as to questions touching the sufficiency of the removal papers. These are equally federal questions, upon which the decisions of the state courts are not conclusive. Hence, if a state court should hold the bond or petition insufficient, or that they were not seasonably filed, and proceed to try the cause, and if the supreme court of the United States, upon the cause being brought up on a writ of error, should be of a contrary opinion, they would reverse the judgment of the state court. *Stone* v. *Sargent, supra.* Yet it seems to be well settled that the state court has a right to examine the petition and bond to see whether the requirements of the statute have been complied with, and need not let go its hold upon the case if this has not been done. *Stone* v. *Sargent, supra; Amory* v. *Amory,* 95 U. S. 186.

But we can see no distinction in principle between a case where the state court assumes to examine the removal papers to see whether the statute has been complied with and a case where it assumes to inquire whether the cause itself is within the statute. The question in each case is equally a federal one, upon which the decision of the state court is not conclusive; and in each case alike, if the state court decides in favor of its own jurisdiction, it does so at the peril of its subsequent proceedings being held void in case the federal court takes a different view of the question.

For this reason, and to avoid any appearance of conflict between the two judicial systems, it would usually be expedient for the state court to decline to proceed with a cause until the federal court has passed upon the question as to whether it is within the act of con-

gress; but this would be equally so in cases where there was doubt as to whether the requirements of the statute as to the mode of removal had been complied with.

But there may be cases where, to prevent the practice of imposition upon the court, or to defeat a dilatory motion, a state court might deem it advisable to inquire as to the existence of the facts alleged in the petition upon which the right of removal depends. It seems to us it has the right to do this, and, if satisfied that the cause is not in fact within the statute, it may proceed to try it, at the risk, of course, of its proceedings being held void, should the supreme court of the United States be of a different opinion, precisely as in a case where the state court assumes to pass upon the sufficiency of the removal papers.

Take the present case for example. As appears from the evidence elicited on the trial, this family had formerly resided in the state of West Virginia. In August, 1883, the father and husband moved out to Glendive, Montana, and entered into the employment of the Northern Pacific Railroad Company at that place, where he has ever since and still resides. At the time of this accident, in February, 1884, the wife and minor children were on their way from West Virginia to join the husband and father at Glendive, at which place they did join him as soon as this child's injuries permitted them to resume their journey, and at which place they have ever since been and still are domiciled. On such a state of facts there would be no foundation whatever for the allegation that plaintiff was or is a citizen of Minnesota; and if the showing were the same, there could be no doubt that the United States circuit court would, on motion, remand. And yet, if defendant's position be sound, it would lead to the illogical result that, in the same cause which the federal court remanded because it had no jurisdiction, the judgment of the state court would be void because it had been ousted of jurisdiction.

So far as we have been able to discover, wherever a state court has refused to "allow" a removal and proceeded to the trial of the cause, and it has been afterwards removed to the supreme court of the United States, that court has treated and disposed of the case in the same manner, whether it turned upon the sufficiency of the removal papers

on their face, or the removability of the cause in fact. In the one case their decision is made to depend upon the question whether the state court erred in holding the removal papers insufficient, and in the other case upon the question whether, upon the facts, the state court erred in holding that the cause was not within the act of congress. Thus, in *Railroad Co.* v. *Koontz,* 104 U. S. 5, the petition seems to have been in due form. The plaintiff answered it, denying the allegation that the defendant was a citizen of Maryland. After a hearing upon this question the state court refused the removal, and proceeded to try the cause. When the case was afterwards brought up into the supreme court of the United States, upon a writ of error, that court, without intimation or suggestion that the state court had no authority to inquire into the question of defendant's citizenship, or that its judgment was for that reason void for want of jurisdiction, proceeded to consider whether, *upon the facts,* the state court erred in holding that defendant was not a citizen of the state of Maryland. And in no instance that we can find has that court held or intimated, where the cause was not within the statute, that the judgment of the state court was void for want of jurisdiction because it had proceeded to try the action before it was formally remanded.

If we are correct in the proposition that it is only where the cause is within the statute that the filing of a petition and bond removes it to the federal court, it would seem to follow, logically and necessarily, that the state court is not ousted of jurisdiction of a cause not within the statute, although the removal papers are in due form, any more than it is of a cause within the statute, but where the requirements of the law as to the mode of removal have not been complied with. In neither case is the action removed,—in the one case, because not within the statute, and in the other because the statute has not been complied with. And in either case we think the state court has the right, in the first instance, to inquire into the facts upon which its jurisdiction depends before letting go its hold upon the case.

We find no decision of the supreme court of the United States in conflict with these views. On the contrary, we think we find some support in what is said or implied in *Railway Co.* v. *Ramsey,* 22 Wall. 322; *Removal Cases,* 100 U. S. 457; and *Railroad Co.* v. *Koontz, supra.*

There are one or two circuit court decisions to the contrary; but, as was said by Gray, C. J., in *Stone* v. *Sargent, supra,* "no act of congress, and no adjudication of the supreme court of the United States, has made the opinion of the state court, upon the question whether its own jurisdiction must be surrendered, subordinate to the opinion of any federal tribunal below the supreme court."

In view of the general tendency of the decisions of the federal courts under these removal acts, it may be that it will be held that we are in error; but we deem it our duty to assert and maintain what we believe to be the rights of our own courts until it is decided that we are in error by the only tribunal whose authority on the question we are bound to recognize.

In the case at bar the allegation that plaintiff was a citizen of Minnesota had been expressly denied by affidavit, and, the defendant having offered no proof to the contrary, (in view of the facts that were developed by the evidence on the trial probably it had none to offer,) there was, in our opinion, no error in the court's proceeding with the trial.

2. During the trial certain exceptions were taken to the rulings of the court in admitting certain evidence, and to its instructions to the jury. All of these that are of sufficient importance to entitle them to any extended consideration can be disposed of together. Defendant's contention is that the plaintiff, having in his complaint assigned specific acts of negligence as the cause of the accident, was limited to these in his proof; that there was no allegation in the complaint that the *track* was defective, or that the stove in the car in which plaintiff was a passenger was in an unsafe condition; and that therefore the court erred in receiving and submitting to the jury evidence on these points, because they were outside of the issues made by the pleadings.

The here important allegations of the complaint are that "by reason of the grossly negligent and wantonly careless acts and conduct of the said defendant, its servants, agents, and employes, who then and there carelessly, recklessly, wantonly, and unnecessarily ran and operated said train at an excessive and dangerous rate of speed; and by reason of the imperfect and unsafe condition of the road-bed, cars,

coaches, locomotives, and machinery of said defendant used in oper-
ating said railway; and by reason of the incompetency, unskilfulness,
and recklessness of its said employes so operating said train of cars,
—the said train of cars, in the night-time of said twelfth of February,
1884, was thrown from the track, and set on fire; that by reason
thereof this plaintiff was burned by coals from the stove in said car,
and otherwise greatly and permanently injured," etc.

These allegations of negligence are somewhat loosely thrown to-
gether, and possibly, on motion for that purpose, the plaintiff might
have been required to make some of them more definite and cer-
tain; but, in the absence of any such motion, we think the evidence
objected to was fairly admissible under the allegations of the plead-
ing. The term "road-bed," strictly speaking, of course refers to the
bed upon which the superstructure of the railroad rests; but, in this
instance, we think it apparent that the pleader used it as inclusive of
the "track;" and, under that view, evidence as to the condition of
the rails and ties was admissible. We think it was also admissible
under the allegation that the train was run at an excessive and dan-
gerous rate of speed. That would depend, in part, at least, upon
the condition and character of the track itself. What would be a
safe and proper rate of speed over one track might be a very danger-
ous and unsafe rate upon a different and inferior track.

On the same ground, and independently of any other allegation
in the pleading, we are strongly inclined to think that evidence was
competent that the train was run at this high rate of speed, (45 to
50 miles an hour, according to several witnesses,) with the stove in
the car full of burning coals, and its door wide open, thus greatly
enhancing the danger to passengers in case of any accident such as
a derailment of a car. But we think that this evidence as to the
condition of the stove was clearly admissible under the allegation of
the unsafe condition of the cars, it being one of the appurtenances.
or appliances used in the management and operation of the car it-
self; and it being this condition of the car (the dangerous condition
and character of its heating apparatus) which contributed to the in-
jury of plaintiff when the car was derailed. We may also suggest.

that there is nothing in the entire record indicating, or even suggesting, that the defendant was at all taken by surprise by the introduction of evidence on these points. On the contrary, the state of the evidence is such as to indicate that all the testimony bearing upon these questions, on either side, was as fully presented as it would have been under other or more specific allegations in the pleadings. This, of course, would be no reason for an affirmance, if the evidence was clearly inadmissible under the complaint, and the defendant duly objected and excepted. But we think it is a reason why a court should feel disinclined to adopt a narrow and technical construction of a pleading which would lead to a reversal, if it is fairly susceptible of another and more liberal construction which would support the judgment.

3. The defendant also contends that the verdict is not supported by the evidence, and that the damages were excessive. We shall not attempt to state, even in outline, the very voluminous evidence in this case, amounting as it does to over 330 folios. An examination of it satisfies us that the question of defendant's negligence was clearly a question for the jury, and that the evidence was ample and abundant to support a verdict for plaintiff.

The amount of the verdict as reduced by the court, ($25,000,) is, of course, large. But if defendant is responsible at all, we see no reason, in view of the nature and extent of plaintiff's injuries, for saying that this amount is excessive. Here is a child eight years old, completely crippled and helpless; both eyes burned out, both ears burned off, his hands burned almost to a crisp,—in short, the mental and physical functions of his person almost completely destroyed,—everything that would make life either enjoyable or useful gone, and nothing left but the capacity to exist,—a state in comparison with which death itself would be a blessing. Indeed his injuries are too terrible for description or contemplation, and are incapable of compensation by any amount of money.

This disposes of all the points made by appellant which we deem necessary to discuss, and the result is that the order denying a new trial must be affirmed.

v.35m—6

BERRY, J., (*dissenting.*)  This action was pending in the district court for Ramsey county.  The defendant, under section 639, Rev. St. U. S., (see *Sims* v. *Sims*, 17 Blatchf. 369,) seasonably filed a petition, bond, and affidavit of local prejudice, all in due form, (*Melendy* v. *Currier*, 22 Blatchf. 503, 22 Fed. Rep. 129,) for the purpose of removing the case to the proper circuit court of the United States.  The petition, which was verified, stated that the plaintiff was at the time of the commencement of the action, and then, a citizen of Minnesota, and the defendant a citizen of Iowa.  To controvert the statement that he was a citizen of Minnesota, (in which state this action was brought,) plaintiff introduced an affidavit stating that he was a citizen of the territory of Montana.  The district judge received the affidavit, holding, upon the authority of *Railway Co.* v. *Ramsey*, 22 Wall. 322, that the allegations of diverse citizenship in the petition being thus denied, it was for defendant to *prove* them, and, in the absence of such proof, he declined to accept the security offered, and to allow the case to be removed, but proceeded with the trial.  This is an appeal from the judgment upon a verdict for plaintiff.

Section 639 provides that in order to a removal the petitioner must, at the time of filing his petition, offer in the state court "good and sufficient surety" for his entering in the circuit court copies of the process, pleadings, etc., in the state court, and that "it shall thereupon be the duty of the state court to accept the surety, and to proceed no further in the cause against the petitioner."  The effect of this, and of similar provisions in other removal acts, is that if it appears from the record, of which the petition forms a part, that the case is one for removal, within the provisions of the act under which removal is sought, the petitioner is, upon proper procedure, (in this case upon filing proper petition, bond, and affidavit of prejudice,) entitled to the removal as of course, and the jurisdiction of the state court ceases *eo instanti*.  No contest as to the truth of the facts appearing upon the record, and on which the application for removal is based, can be had in the state court.  Without entering into any consideration of reasons for or against these propositions, I shall content myself with citing upon this question of precedent the following

authorities :    Dillon, Removal of Causes, (3d Ed.) §§ 75–77, 86, 87; and notes; *Butterfield* v. *Home Ins. Co.*, 14 Minn. 310, (410;) *Hatch* v. *Chic., R. I. & P. R. Co.*, 6 Blatchf. 105 ; *Fisk* v. *Union Pac. R. Co.*, 8 Blatchf. 243; *Stevens* v. *Richardson*, 20 Blatchf. 53, (9 Fed. Rep. 191;) *Shaft* v. *Phœnix M. L. Ins. Co.*, 67 N. Y. 544; *Mix* v. *Andes Ins. Co.*, 74 N. Y. 53; *Stone* v. *Sargent*, 129 Mass. 503 ; *Danvers Savings Bank* v. *Thompson*, 133 Mass. 182 ; *Clark* v. *Chicago, M. & St. P. Ry. Co.*, 11 Fed. Rep. 355; *Miller* v. *Tobin*, 18 Fed. Rep. 609 ; *Judge* v. *Anderson*, 19 Fed. Rep. 885 ; *Endy* v. *Commercial Fire Ins. Co.*, 24 Fed. Rep. 657; *Cobb* v. *Globe M. L. Ins. Co.*, 3 Hughes, 452; *Dennis* v. *County of Alachua*, 3 Woods, 683; *Connor* v. *Scott*, 4 Dill. 242; *Ohle* v. *Chicago & N. W. Ry. Co.*, 64 Iowa, 599, (21 N. W. Rep. 101;) *Ellerman* v. *New Orleans, etc., R. Co.*, 2 Woods, 120; *Texas, etc., Ry. Co.* v. *Rust*, 5 McCrary, 348, (17 Fed. Rep. 275;) *Clippinger* v. *Mo. Valley Life Ins. Co.*, 1 Flippin, 456; Spear, Fed. Jud. 472, 516–518; *Taylor* v. *Rockefeller*, 18 Am. Law. Reg. (N. S.) 298 ; *Kanouse* v. *Martin*, 15 How. 198; *Railway Co.* v. *Ramsey*, 22 Wall. 322, —as to the *remark* of Chief Justice Waite in this case, with reference to sustaining petition by proof, see Dill. Rem. Causes, 94, 95, notes; 3 South. Law Rev. (N. S.) 236, and *Ex parte Grimball*, 61 Ala. 598;—*Insurance Co.* v. *Pechner*, 95 U. S. 183; *Gold-Washing, etc., Co.* v. *Keyes*, 96 U. S. 199; *Kern* v. *Huidekoper*, 103 U. S. 485; *Railroad Co.* v. *Koontz*, 104 U. S. 5; *Steamship Co.* v. *Tugman*, 106 U. S. 118, (1 Sup. Ct. Rep. 58;) *Mansfield, C. & L. M. Ry. Co.* v. *Swan*, 111 U. S. 379; (4 Sup. Ct. Rep. 510;) *Ayers* v. *Watson*, 113 U. S. 594, (5 Sup. Ct. Rep. 641;) *Street R. Co.* v. *Hart*, 114 U. S. 654, (5 Sup. Ct. Rep. 1127.)

If I do not entirely misapprehend the tenor of these authorities, the trial court should have yielded to the application for removal, and proceeded no further in the case.    The removal proceedings ousted it of jurisdiction, so that in proceeding with the trial it acted without jurisdiction, and its judgment must therefore be reversed.    As before stated, the removal in this instance was sought to be made under the local-prejudice clause of section 639, Rev. St. U. S., and the condition of the security offered was in the form by that section prescribed. It is by no means clear, however, that in this state of facts the de-

fendant was not, upon the papers, also entitled to a removal under the removal act of 1875, within the case of *Norris* v. *Mineral Point Tunnel*, 7 Fed. Rep. 272; *MacNaughton* v. *South. Pac. C. R. Co.*, 19 Fed. Rep. 881; *Melendy* v. *Currier*, 22 Blatchf. 503, (22 Fed. Rep. 129;) and *Deford* v. *Mehaffy*, 13 Fed. Rep. 481; *Ayers* v. *Watson*, 113 U. S. 594, (5 Sup. Ct. Rep. 641;) *Street R. Co.* v. *Hart*, 114 U. S. 654, (5 Sup. Ct. Rep. 1127.)

I think the judgment should be reversed.

VANDERBURGH, J.    I concur in the foregoing dissenting opinion.