## CHAMBERS *v.* McDOUGAL *et al.*

*(Circuit Court, D. Kansas.* May 22, 1890.)

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—PRACTICE.
    A petition for the removal of a cause from the state to the federal court, on the ground of diverse citizenship, stated that plaintiff was a resident of Kansas, and that defendants were, and still are, non-residents, and citizens of states other than Kansas, "as will more fully appear by the affidavit of the plaintiff C. for an order of publication filed herein." Such affidavit recited that defendants (giving their names) were non-residents, and the complaint in the cause referred to certain of defendants as residents of Vermont and Missouri. *Held,* that the diverse citizenship of the parties sufficiently appeared from the whole record, and a motion to remand because the petition for removal failed to show the citizenship of defendants should be denied.

2. SAME—JURISDICTIONAL AMOUNT.
    Where the petition for removal, in such case, alleges that the action is on a fraudulently executed mortgage, and to cancel bonds fraudulently issued and secured by it, to the amount of $45,000, and states that the amount in controversy exceeds $2,500, exclusive of interest and costs, and the controversy is sufficiently stated in the complaint, a motion to remand to the state court on the ground that the petition for removal and the record do not show that the amount in controversy exceeds $2,000 will be denied.

3. SAME—JURISDICTION—SUITS BY RECEIVERS.
    The rule that the court appointing a receiver will reserve the right and power to control him, and the property under his charge, cannot prevent a receiver ap-

pointed by a state court from bringing in the federal courts suits affecting the receivership property.

**4. SAME—IRREGULARITIES IN REMOVAL BOND.**
   Where a cause is once removed from a state to a federal court, and there are no jurisdictional objections to its remaining there, the facts that a defendant bank has signed the removal bond as surety, and the other surety had no authority to sign, are not, where the bond is otherwise ample, sufficient grounds for remanding the cause.

In Equity.  On motion to remand.
*E. A. McMath*, for plaintiff.
*Elijah Robinson*, for defendants.

FOSTER, J.  The defendants removed this cause to this court from the state court on the ground of diverse citizenship.  The plaintiff now files his motion to remand the cause to the state court for several reasons:

First, that the petition for removal does not state the residence and citizenship of the several defendants.  The averment as to citizenship in the petition for removal is as follows:

"That this action involves a controversy between citizens of different states; that the plaintiff, R. L. Chambers, said receiver, was at the time of the commencement of this action, and at all times since has been, and now is, a resident and citizen of the state of Kansas, and that said defendants, and each of them, were at the date of the commencement of this suit, ever since have been, and still are, non-residents of the state of Kansas, and citizens of states other than Kansas, as will more fully appear by the affidavit of the plaintiff, Chambers, for an order of publication filed herein on the 8th day of October, 1889."

The averment as to citizenship in the affidavit for publication is as follows:

"And deponent further says that the defendants Harry C. McDougal, E. A. Hall, James S. Warden, Harry C. McDougal as trustee, George F. Walker, H. D. Stone, Annie Lee, and each of them, are non-residents of the state of Kansas, and that said defendants the Windsor National Bank of Windsor, Vt., the Savings Bank of Bradford, Vt., the National Exchange Bank of Kansas City, Mo., and each of them, are foreign corporations, not located or doing business within this state, and that plaintiff, with due diligence, is unable to make service of summons in this action on either or any of the defendants within the state of Kansas."

In the plaintiff's complaint the defendant corporations are referred to as follows:

"The Windsor National Bank of Windsor, Vt., a banking association duly organized under the national banking laws of the United States, and the Bradford Savings Bank, of Bradford, Vt., a corporation duly organized under the laws of the state of Vermont, and the National Exchange Bank, of Kansas City, Mo., an association duly organized under the national banking laws of the United States."

If it appears from the whole record that the citizenship of the parties is such as to give this court jurisdiction, the case will not be remanded. *Bondurant* v. *Watson*, 103 U. S. 285; *Water Co.* v. *Keyes*, 96 U. S. 199. The affidavit for publication, as well as the plaintiff's complaint, are a necessary part of the record; and from the petition for removal, and the

record, it sufficiently appears that all the defendants are citizens of other states than Kansas.

It is further objected that it does not appear from the petition for removal or the record that the amount in controversy exceeds $2,000. The allegation in the petition for removal, on this point, is as follows:

"That this action was founded upon an alleged fraudulent execution of a certain mortgage or deed of trust executed by the said First National Bank Building Association of Colby, Kan., and for the cancellation of forty-five thousand dollars of bonds issued by said building association, the payment of which is secured by said deed of trust, and alleging in said petition, among other things, that these defendants are the holders of said bonds; that plaintiff, in his said petition, prays the cancellation of said bonds; and that the amount in controversy exceeds twenty-five hundred dollars, exclusive of interest and costs."

By reference to the plaintiff's complaint, it will be seen that the controversy is fairly but briefly stated, and, without going into technicalities, appears to be sufficient.

Defendants further allege that, inasmuch as this is a suit by a receiver, it could not have been originally brought in this court. That is a misapprehension of the law. It does not matter whether the plaintiff is a receiver, an administrator, trustee, or holding any other fiduciary capacity. The federal courts are not closed against him on that account. It is true that the court appointing a receiver will reserve the right and power to control such receiver, and the property under his charge. So does the probate court control its administrator, and the estate under his control. And in this case the controversy between plaintiff and defendants can be tried in this court without in any manner encroaching on this rule.

The fourth and last objection to the right of removal is the most serious; and this case discloses a mode of practice which, under the comity of courts, should be condemned. The defendants filed their petition and bond for removal in the state court. They did not appear and present it to the court, and ask to have an order removing the case, but allowed the adverse counsel to call it up; and the following order was entered in the state court:

"Each and all the above-named defendants having appeared in this action by Elijah Robinson, Esquire, their attorney, and filed their petition for the removal of this case to the circuit court of the United States for the district of Kansas, and the said plaintiff appearing by E. A. McMath, his attorney, in opposition to such application, the court, upon due consideration, doth deny and refuse said petition, and this cause is continued until the next term of this court."

It is true the state court cannot deprive a party entitled to remove the case of his right of removal. On the other hand, the state court cannot be deprived of its jurisdiction until a proper petition and bond for removal have been presented. In this case, it does not appear on what grounds the state court refused to order the case removed. The petition seems to be in proper form, but the form of the sureties to the bond may be questioned. The bond reads as follows:

"Know all men by these presents, that the undersigned, Henry C. McDougal and George F. Walker, as principals, and the National Exchange Bank of Kansas City, Missouri, and the First National Bank of Frankfort, Kansas, as sureties, are held and firmly bound unto R. L. Chambers as receiver, the above-named plaintiff, in the sum of one thousand dollars," etc.

It will be seen that the National Exchange Bank of Kansas City, Mo., and the First National Bank of Frankfort, Kan., are named as sureties. The first-named bank is a party to the suit, and one of the removing parties, and, of course, could sign the bond, but whether as surety instead of principal is not so clear, while the First National Bank of Frankfort had no authority to sign the bond either as principal or surety. The action of its cashier was *ultra vires.* The National Exchange Bank has a paid-up capital of $200,000; and waiving the question whether it is liable as principal or surety, the sufficiency of the bond cannot be disputed. This case is one which the defendants are entitled to remove to this court, and the order of the state court refusing the removal was not, apparently, based on any objection to the bond or the surety; and the case need not be remanded to the state court on account of the informality of the surety to the bond. *Beede* v. *Cheeney,* 5 Fed. Rep. 388; *Stevens* v. *Richardson,* 9 Fed. Rep. 191; *Removal Cases,* 100 U. S. 457. This question is fully discussed in the case of *Dennis* v. *Alachua Co.,* 3 Woods, 683; and Judge SETTLE, in that case, uses the following language:

"There are many cases to be found in the recent numbers of the law publications to the effect that when a case is once removed from a state to a federal court, and there are no jurisdictional objections to its remaining there, it will not be remanded or dismissed for defects connected with the giving of the security or bond, or other irregularities which can be remedied, or which have not worked any prejudice."

For the various reasons before stated, I reach the conclusion that this case is properly in this court, and the motion to remand must be denied.